In the Matter of the Application of CENTRAL HANOVER BANK AND TRUST COMPANY for the Judicial Settlement of Its Account, as Trustee under a Deed of Trust Dated July 7, 1922, Created by VIRGINIA TEN EYCK MOMAND, etc.

Supreme Court, Special Term, New York County, April 15, 1941.

*Winthrop, Stimson, Putnam & Roberts* [*Elbridge Stratton* and *Walter W. Land* of counsel], for the trustee.

*Thomas I. Sheridan,* for infant remaindermen.

EDER, J. This is an application by Central Hanover Bank and Trust-Company as accounting trustee for a construction of a provision of a deed of trust to determine to whom the trustee is accountable and for a settlement of its account. The deed of trust is dated July 7, 1922, and was created by Virginia Ten Eyck Momand. The instrument provides that income is to be paid to the grantor during her life and at her death the principal

is to be paid over to the issue of the grantor, her surviving, in equal shares, *per stirpes*, and if no issue is then surviving, then to distribute the principal as the grantor may appoint by her will, and if she fails to validly exercise the power of appointment then the principal is to be divided among the grantor's sisters and the issue of deceased sisters, in equal shares, *per stirpes*. Thus she became, *simul et semel*, grantor and life income beneficiary. The only issue which the grantor has at the present time is a daughter, an infant over the age of fourteen years. In this proceeding there are five infants, one, grantor's daughter, who has a remainder interest which is contingent upon her surviving her mother; the other infants have a remainder interest which is very much more remote.

The provision of the trust instrument in concern is paragraph third of article eleventh thereof. From the mentioned provisions of the trust reserving the income therefrom to the grantor for life and entitling her to the benefits reaped through the trust, it is clear that it is an *inter vivos* trust. (*Gilman* v. *McArdle*, 99 N. Y. 451; *Matter of Fitzpatrick's Estate*, 17 N. Y. Supp. [2d] 280, 285, 291.) Mention is made as to the character of the trust since the infants' guardian maintains that said provision of the trust indenture is invalid and not binding on the remaindermen as the beneficiaries thereof.

Article third of the trust deed provides as follows: " The trustee shall send at least semi-annually to the grantor or immediate beneficiary a full statement of the investments then held by the trustee and of the receipts and expenditures, both in the income and principal accounts, since the last semi-annual statement; and the accounts and records of the trust shall be open to the examination of the grantor."

Paragraph third of article eleventh provides: " The term ' immediate beneficiary ' shall signify and shall be construed to mean the life tenant or beneficiary for the time being; and it shall not be necessary to consult or procure the concurrence of any remaindermen or other party having a vested or contingent remainder or other interest in the trust fund (other than the grantor in the cases mentioned) nor shall any such party have any right of accounting, claim, interest, damage or other cause against the trustee or in respect of the trust and trust fund concerning any matter or thing which may arise (either from omission or commission) during the lifetime of said grantor; it being the design and direction of the grantor that the fullest power and discretion be possessed by the trustee for the especial advantage and benefit of the grantor during her lifetime irrespective of the ultimate

interests without interference from any other party or ultimate beneficiary."

It is the contention of the accounting petitioner that said paragraph third of article eleventh should be construed to mean that only the grantor has the right to object to the acts of the trustee performed during her lifetime. On the other hand, the guardian of the infant remaindermen contends that the exculpatory provision relieving the trustee from accountability to the remaindermen of said trust as a class is contrary to public policy and void, the premise of the contention being that they possess the basic and fundamental right to have the trustee account to them for its acts in administering said trust.

In urging the invalidity of this provision the learned guardian relies largely upon cases dealing with testamentary trusts; it has been held in cases of that nature relating to exoneration clauses that such provisions are invalid; and in this State they are rendered void by express statutory declaration. This enactment, entitled " Limitations on powers and immunities of executors and testamentary trustees," so far as here pertinent, provides:

" The attempted grant to an ·executor or testamentary trustee or the successor of either, of any of the following enumerated powers or immunities shall be deemed contrary to public policy:

" 1. The exoneration of such fiduciary from liability for failure to exercise reasonable care, diligence and prudence.
" * * *

" The attempted grant in any will or any power or immunity in contravention of the terms of this section shall be void * * *.
" * * *

" Any person interested in an estate or trust fund may contest the validity of any purported grant of any power or immunity within the purview of this section without diminishing or affecting adversely his interest in the estate or fund, any provision in any will to the contrary notwithstanding." (Dec. Est. Law, § 125.)

This statute, it will be noted, expresses a public policy with respect to immunity provisions as relating to testamentary trusts; such a declaration of public policy has no application to *inter vivos* trusts, which are, obviously, of an entirely different type. In a testamentary trust the creator of the trust is dead and the rights and interests have clearly passed to other persons; and unless a right exists in the beneficiaries to hold the trustee accountable, there is no one who can do so and the declared public policy of this State is that such beneficiaries shall not be deprived of the right to object to the acts of the trustee. In an *inter vivos* trust the grantor by appropriate reservation may retain the power

to revoke it without the necessity of gaining the permission or consent of any contingent remaindermen; and the grantor may reserve to himself, as was done here, the right to receive income during his life and go further and reserve to himself a testamentary power of appointment over the principal of the trust. I perceive nothing in this contravening public policy. In nearly all cases of trust settlements the settlor is making a gift and since the *cestuis* have no right to demand that any gift be made, it would seem that they can hardly be said to have any right to control the action of the settlor with respect to exonerating the trustee for any act performed by him during the lifetime of the grantor or in limiting the number of persons authorized to object to the acts of the trustee.

I, therefore, do not see that it offends public policy for the grantor of such an *inter vivos* trust to provide that the trustee shall be excused from accounting to any one but the grantor for acts of the trustee performed during his lifetime, and in the absence of constitutional or statutory restraint I am not disposed to hold that such a limitation is illegal.

There is, of course, a manifest distinction between a case in which no one can subject a trustee to an accounting and one in which the right to an accounting and the right to object to the acts of the trustee is limited to the creator of the trust, whose property constitutes the corpus of the trust and who reserved the income therefrom during his lifetime and a contingent power of appointment; under such a construction as is here sought by the accounting petitioner, there is always some one who can hold the trustee to account.

The remaindermen have no interest in the income during the lifetime of the trustor and they, therefore, have no right to an account thereof; there can be nothing coming to them; their only interest is as remaindermen in the corpus of the property and thus are only concerned to that extent. I am, therefore, of the opinion that as they have only a remainder interest in the trust estate they are not entitled to information regarding the disposition of the trust estate or trust income during the existence of the preceding life estate or any right to call upon the trustee for an accounting and hence have no right to file objection thereto. Accordingly, I hold that the right of accounting is, by the express terms of the instant trust, limited to the grantor life income beneficiary and that she alone is authorized to file objections to the acts of the trustee performed during her lifetime. Settle order.