Irving H. Saypol, J.
This motion as an application in a special proceeding (Civ. Prac. Act, art. 79) to appoint substitute trustees of.an express trust and to compel an accounting by the executor of the deceased trustee is granted as stated.
*559 This decision follows after a further hearing on January 22, 1957, following submission upon the return of the petition. The additional hearing was attended by the petitioner and his counsel, counsel for the executor of the deceased trustee and by the guardian ad litem for the infant who is interested in income and remainder. There has been no appearance by the infant’s mother, widow of the settlor, who is the infant’s general guardian. It is apparent from the trust instrument that she has an interest in income but that is not shown in the petition.
The result of further hearing’ has been clarification and a restatement of position by the petitioner. It is agreed that there should be an accounting. There is no doubt of the necessity therefor, the trust estate has been in a state of suspense for three and one-half years and responsible administration should be resumed at once. That brings up the first problem, the appointment of successor trustees in a trust concededly vested in this court (Personal Property Law, § 20). The petitioner is the named substitute jointly with his brother. The latter has appeared but has not answered. The guardian ad litem confirms that he disclaims by written instrument in the possession of the petitioner’s attorney. It should be filed. Both are contingent remaindermen. The petitioner originally recommended himself together with a stranger for appointment as joint trustees by the court. The guardian ad litem, although not opposing, in cautionary words adverted to the provisions of the trust instrument granting extensive and unrestricted powers of investment and trust administration and also as to its exculpatory provisions including section 11, which purports to dispense with any judicial accounting. Undoubtedly, the latter dispensation is invalid as a matter of public policy. The parties are now said to be in accord on the suggestion of the court that a corporate trustee and the petitioner should be appointed jointly as successor trustees. The court will appoint the petitioner together with a corporate trustee of its own nomination. The petitioner’s corporate nominee should not be considered because of his interest. The property of the estate will be kept in the custody of the corporate trustee to dispense with the need for security by the trustees (Personal Property Law, § 20).
The suggested procedure for the accounting by the representative of the deceased trustee needs clarification and extension. It is said that the parties are agreed that it may be effected in this proceeding and the petitioner cites Matter of Harris (52 N. Y. S. 2d 195,199) where it was said that there is no field for choice by one compelled to account, that there is nothing in *560 article 79 which suggests that a new special proceeding must be commenced by the trustee after an order directing an accounting. The reversal of the latter decision (269 App. Div. 661) is said by petitioner to have been on other grounds. I find nothing in the memorandum opinion of the Appellate Division to support the conclusion that the instant special proceeding with its own particular issues may properly encompass the different and independent and unrelated issues of the accounting proceeding. Each is a different special proceeding, the relief is different, this proceeding will be concluded and complete upon the disposition of its two branches, viz., appointment of successor trustees and the direction to account. The closing directory provisions in the memorandum in Matter of Harris (supra) expressly state that the requirements for procedural due process of an independent proceeding shall be met.
The order to be entered hereon will direct Cornelius C. Moore, as executor of the estate of I. Townsend Burden, to turn over the property of this trust estate to the petitioner and the Chemical Corn Exchange Bank, as successor joint trustees appointed herein, within 10 days after service of a copy of the order to be entered hereon, with notice of entry. Such other relief as may be due including allowances on this proceeding will be held in abeyance pending judicial settlement of the deceased trustee’s account, which will be directed to be brought on within 30 days after the service of the order, with notice of entry. The order to show cause for settlement of the account shall provide for proper notice to and service upon all persons interested in the subject matter and the relief demanded pursuant to sections 1308 and 1309 of the Civil Practice Act and the account shall be filed as required by section 1310 of the Civil Practice Act.
Settle order.