William C. Hecht, Jr., J.
This is an application by a beneficiary of an inter vivos trust, created February 5, 1952, to compel the trustees (1) to pay the net income of the trust to petitioner and (2) to file an accounting.
The trust indenture provides that the trustees “ shall collect and receive the income * * * and after deducting therefrom *1070 all proper charges and expenses, shall pay the- same to the beneficiary thereof * * * until she reaches the ages hereinafter stated, or until her death, whichever event shall first occur ” (italics supplied). The beneficiary referred to is the present petitioner. The trustees are vested with discretion to pay over one thii;d of the principal to petitioner when she reaches the age of 25 years or upon her earlier marriage, and to pay over one-third more when she reaches the age of 30 years. On her reaching the age of 35 years ‘ ‘ the entire balance of such trust shall be paid over and delivered to such beneficiary”. Paragraph 2 provides that income “shall be paid” (italics supplied) to the beneficiary in as nearly equal monthly or quarterly installments as practicable. Paragraph 4 contains the following provisions: “ The trustees shall have the power to retain any portion of the income of the beneficiary under this trust and, at their discretion, use such income as well as any portion of the principal * * * to defray the expenses of the beneficiary, for the purpose of paying the expenses of such beneficiary as may be necessary for a college education and for the expenses of training at a professional school, as well as for any of the expenses that such beneficiary may need for vacations, clothing, other diversions and any and all other expenses of a similar kind and nature. The trustees at their discretion, may use any part of the income or principal of the said trust fund for the support and maintenance of the beneficiary, or the purchase of gifts on behalf of the beneficiary. ’ ’
Petitioner, who states that she is almost 27 years old, alleges that “ I have never received any money from this trust ”. The trustees’ answer admits that they are retaining income of the trust. They claim the above-quoted provision, that ‘ ‘ the trustees shall have the power to retain any portion of the income of the beneficiary under this trust ”, entitles them to withhold income from petitioner. In the court’s opinion the rest of the quotation from paragraph 4 of the trust indenture qualified the language relied upon by the trustees. A reading of the quotation in its entirety renders it clear that the trustees were authorized to retain income only for the purpose of applying it to the use of the petitioner and not for the purpose of accumulating it, as they are concededly doing. This construction of the indenture is confirmed by the fact that income may not lawfully be accumulated except during the minority of the beneficiary (Personal Property Law, § 16; Beal Property Law, § 61). Even if the indenture had expressly authorized accumulation of income beyond petitioner’s minority, the latter would be entitled to the income as if no such direction had been given *1071 (Matter of Megrue, 170 App. Div. 653; Pray v. Hegeman, 92 N, Y. 508; Williams v. Williams, 8 N. Y. 525).
The court accordingly holds that this petitioner is entitled to be paid the income of the trust which has not been applied to her use and which is not being so applied.
Respondents rely upon the provision of the indenture which reads: ‘ ‘ The trustees, however, shall in no circumstances be obligated to make any accounting and should they have such accounting, the same shall only be a voluntary one ’ ’. This provision appears to be invalid, as against public policy (Matter of Burden, 5 Misc 2d 558; 2 Scott, Trusts [2d ed.], § 172, pp. 1290-1291, see, also, § 187.4; 1 Scott, Trusts [2d ed.], § 62.15). In Matter of Central Hanover Bank & Trust Co. v. Momand (176 Misc. 183, affd. 263 App. Div. 801, affd. 288 N. Y. 608), cited by respondents, the Special Term pointed out (p. 186) the difference between a provision authorizing the settlor alone to approve a trustee’s account and one dispensing entirely with the necessity for an accounting. In Matter of O’Malley (206 Misc. 687, mod. 286 App. Div. 869) also cited by respondents, the grantor’s approval of the account was necessary, as in Matter of Central Hanover Bank & Trust Co. (supra). The other New York cases cited by respondents are not in point. In the Restatement of Trusts, Second (§172, comment d), it is stated that even though the trust deed provides that the trustee shall not be accountable, the beneficiaries are not precluded from holding him liable for breach of trust. In American Law Reports (Vol. 171, p. 631), we find the following statement: “ The generally prevailing view is that a provision purporting to relieve a trustee of all duty to account whatsoever is without effect as against allegations and evidence of fraud, bad faith, or other deliberate wrongdoing.”
In the instant case, the trustees have been and are guilty of a continuing breach of trust in refusing to pay to petitioner the trust income to which she is entitled. The fact that their refusal to pay income or to account may be due, as they claim, to an endeavor on their part to protect petitioner from herself, is of no legal consequence. They are not legally authorized to violate the provisions of the trust indenture, however laudable their motive for doing so may be.
It follows that even under the generally prevailing view as stated in the above quotation (171 A. L. R. 631) the respondents are obligated to account, for it clearly appears that they have been guilty of “ deliberate wrongdoing ” in the legal sense of these words. Motion granted.