OPINION OF THE COURT
C. Raymond Radican, J.
This is a compulsory accounting proceeding commenced by the beneficiary of an irrevocable inter vivos trust. The trustee is the grantor of a trust created for the benefit of his daughter, the petitioner. The petitioner contends that the settlor wrongfully withdrew moneys from the trust to pay personal obligations.
On December 14, 1983, the court directed a voluntary accounting to be filed on or before February 8, 1984, or a compulsory order would issue. On December 16, 1983, the trustee consented to an order directing an accounting, which accounting would be due on February 8, 1984. The date was then adjourned four times to a final date of March 14, 1984, at which time the court directed that an account be filed by April 11, 1984, and directed a conference on March 21, 1984. On March 24, 1984, the trustee indicated that he needed more time to prepare an accounting.
At a conference before a law assistant-referee, the parties stipulated to permit the trustee to file an answer to the petition requesting more time to prepare an accounting, *631 after which the matter would be submitted for decision to determine whether an extension would be granted.
The trustee has filed an answer which raises the defense of waiver. The trustee contends that he and the beneficiaries agreed that the trust would be administered in an informal manner and that the settlor would have no duty to account. The allegation is that such an agreement existed at the inception of the trust. There is no contention that there was a release and waiver by the beneficiary at a subsequent time.
The trustee further argues that he should not be called upon to account for what is essentially a gift to his children inspired solely by affection for them.
With respect to testamentary trusts, the law is well settled that a provision excusing the fiduciary from accounting violates public policy and is therefore invalid (Matter of Brush, 46 Misc 2d 277), because the creator is dead and unless the beneficiaries have a right to an accounting there is no one able to enforce the trust. The settlor of an inter vivos trust may, however, limit the rights of beneficiaries to compel an accounting. The trustee relies on Matter of Central Hanover Bank & Trust Co. (Momand) (176 Misc 183, affd 263 App Div 801, affd 288 NY 608) in which the court held valid a provision in an inter vivos trust instrument which limited the rights of beneficiaries to compel an accounting and required that the trustee be held accountable only to the settlor. In that case the court observed that: “In nearly all cases * * * the settlor is making a gift and since the cestuis have no right to demand that any gift be made, it would seem that they can hardly be said to have any [interest] to control the action of the settlor with respect to exonerating the trustee for any act performed by him during the lifetime of the grantor or * * * limiting the number of persons authorized to object to the acts of the trustee” (p 186).
However, that case also recognized the difference between requiring that the trustee account to the settlor and a situation where the trustee was not subject to account to anyone at all (Matter of Central Hanover Bank & Trust Co. [Momand], 176 Misc 183, 186, supra; see, also, Matter of Uran v Uran, 24 Misc 2d 1069). The court considers a *632 circumstance in which the settlor who is the trustee and accountable only to himself is the equivalent of a provision in which the trustee is accountable to no one.
An essential element of a trust is accountability of the trustee for his administration. Once a valid trust is created accountability must inevitably follow as an incident (Bogert, Trust & Trustees [2d ed], § 973).
Accordingly, the trustee is directed to file his account within 30 days of the date of the order following this decision.