■ VALERIE BAUER et al., Respondents, v GARRETT BAUERNSCHMIDT, Appellant.—In an action to compel an accounting by the defendant as trustee of the Valerie

Bauernschmidt Trust and the Claudia Bauernschmidt Trust, the defendant appeals from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.H.O.), dated July 13, 1990, which, after a nonjury trial, directed him to pay, as a surcharge for the mismanagement of the trusts, the sum of $21,985 for each trust.

Ordered that the judgment is modified, as a matter of discretion, by reducing the amount awarded to each plaintiff from the principal sum of $21,985, to the principal sum of $2,500, with interest from January 1, 1976; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment.

The trust instrument pursuant to which the defendant acted granted him the power to invest and reinvest trust funds of approximately $18,000 on behalf of each of the plaintiffs, his daughters, as he in his absolute judgment and discretion deemed in their best interests. Moreover, the trust instrument provided that he was not to be held liable for any act or failure to act where he acted in good faith. The trust instrument authorized him to render informal accountings to the trusts' settlor (his mother and the plaintiffs' grandmother), in lieu of any formal accounting. The settlor confirmed through her trial testimony that the defendant was to have absolute discretion over the use of the trust funds and she acknowledged that the expenditure of trust funds for the purchase and maintenance of horses for her granddaughters' enjoyment and recreation was with her knowledge and tacit approval. The trial court determined, however, that the defendant's inability to satisfactorily account for his expenditures on behalf of the plaintiffs constituted evidence that he mismanaged the funds entrusted to him and it imposed a surcharge payable to each plaintiff exceeding the original value of each trust.

To warrant a surcharge, the plaintiffs must show that a financial loss resulted from the defendant's negligence or failure to exercise that degree of care which " 'prudent [people] of discretion and intelligence in such matters, employ in their own like affairs' " (Matter of Hahn, 93 AD2d 583, 586, affd 62 NY2d 821, quoting from King v Talbot, 40 NY 76, 86; Matter of Bank of N. Y., 35 NY2d 512, 518-519; Matter of Clark, 257 NY 132, 136). While the essential ingredient of a trust is the accountability of the trustee (see, Matter of Kassover, 124 Misc 2d 630), exculpatory provisions like those in the present case are valid in inter vivos trusts so long as there is

some accountability, at least to the settlor (cf., *Matter of Kassover, supra; see also, Matter of Cowles,* 22 AD2d 365, *affd* 17 NY2d 567; *see also, Kolentus v Avco Corp.,* 798 F2d 949, 966, *cert denied* 479 US 1032). Furthermore, whether a surcharge is to be imposed for a particular investment decision must necessarily depend on the circumstances of each case, including the settlor's intent, the relationship of the parties, and the history of the particular investment viewed at the time of the act or failure to act for which the surcharge is imposed (see, *Matter of Bank of N. Y., supra; cf., Matter of Levy,* 97 Misc 2d 582, 591).

Against the backdrop of the settlor's intent and the nature of the relationship of all the parties during the life of the trust, the record establishes that the defendant generally acted in good faith and with the requisite degree of diligence and prudence (see, e.g., *Matter of Bank of N. Y., supra,* at 519). We thus regard the surcharges imposed by the Supreme Court as unwarranted. However, the defendant made capital expenditures of $2,500 from each trust, the fruits of which he now personally enjoys even though the trusts have not existed since 1976. Those expenditures constituted an improper appropriation of trust property. Thus, we modify the surcharges as indicated.

We have considered the defendant's remaining contentions and find them either to be unpreserved for appellate review (see, CPLR 5501 [a] [3]), or without merit. Bracken, J. P., Harwood, Balletta and Eiber, JJ., concur.