■ In the Matter of a Trust Created by HARRY D. MALASKY, Deceased. MARION MALASKY, as Trustee of a Trust Created by HARRY D. MALASKY, Deceased, Appellant, et al., Petitioner; CHARLOTTE R. MALASKY et al., Respondents. [736 NYS2d 151] —Mugglin, J. Appeal from an order of the Surrogate's Court of Ulster County (Czajka, S.), entered October 13, 2000, which, inter alia, partially granted petitioner Marion Malasky's motion for summary judgment seeking dismissal of respondents' objections to the settlement of three accountings.

On February 23, 1994, Harry D. Malasky (hereinafter decedent) and petitioner Marion Malasky (hereinafter petitioner) created a joint revocable living trust (hereinafter trust). The first accounting involves the administration of this trust from its inception to the date of decedent's death on November 3, 1995. He and petitioner were the trustees of this trust. Upon his death, Louis Klein succeeded him as cotrustee. The second accounting involves the administration of the trust from November 3, 1995 to August 31, 1998, the date when the cotrustees resigned. The third accounting covers the administration of decedent's estate. This proceeding was commenced seeking a judicial settlement of the three accountings. Respondents, three children of decedent's first marriage, filed objections to these accountings. Petitioner moved for dismissal of these objections on various grounds.

In the otherwise thorough analysis and disposition by Surrogate's Court of the several motions and cross motions which were pending before him, he did not specifically address that part of petitioner's motion for summary judgment which sought dismissal of the objections based on claims that respondents lacked standing in the trust accountings. These claims were premised first on petitioner's assertion that respondents had no beneficial interest in the trust between February 23, 1994 and November 3, 1995 (while decedent was alive), and, second, on her claim that, since the trust document limited the trustees' duty to account to "a majority of the income beneficiaries" of the trust and since she was the only one, respondents lacked standing to seek an accounting during the remainder of the trust period. By implication, however, the court denied this motion as certain of respondents' objections to the accounting were reserved for disposition at trial. Petitioner's appeal addresses only the issue of respondents' standing.

We agree only with petitioner's first argument. Under this trust document, decedent and petitioner were the only persons who had an interest in the income and principal of the trust during their respective joint lives and respondents therefore had no pecuniary interest in the trust during this period of time. Although we determined on a previous appeal in a related proceeding that the trust instrument is ambiguous concerning "the extent of the funds to which [respondents] are entitled, the source of such funds or when such funds are to be distributed" (*Matter of Malasky*, 275 AD2d 500, 502), there is no construction of the trust which gives respondents any interest until decedent's death, when the trust became irrevocable. During the lifetime of the settlors, they acted as trustees, received the income from the trust and explicitly retained the power to revoke or amend the trust at any time. Consequently "[t]he remaindermen have no interest in the income during the lifetime of the trustor and they, therefore, have no right to an account thereof; * * * their only interest is as remaindermen in the corpus of the property and thus are only concerned to that extent" (*Matter of Central Hanover Bank & Trust Co.*, 176 Misc 183, 186, *affd* 263 App Div 801, *affd* 288 NY 608). We conclude, therefore, that respondents, having no pecuniary interest in the revocable trust until decedent's death, lack standing to object to the account for the first accounting period, February 23, 1994 to November 3, 1995.

We disagree, however, with petitioner's contention that respondents lack standing to object to the trust accountings because article XVI, paragraph 9, of the trust limits the obligation of the trustee to render an account to "a majority of the income beneficiaries who are then sui juris." Petitioner asserts that she is the only one in that category and the trustees, therefore, need only account to her. Although an inter vivos trust may limit the right of beneficiaries to compel an accounting (*see, Matter of Kassover*, 124 Misc 2d 630, 631), any attempt to completely excuse the obligation of a trustee to account is void as against public policy (*see, id.*, at 631-632; *Matter of Central Hanover Bank & Trust Co.*, *supra*, at 185-186). A "circumstance in which the settlor who is the trustee and accountable only to himself is the equivalent of a provision in which the trustee is accountable to no one" (*Matter of Kassover*, *supra*, at 632). The trust provision relied on by petitioner is violative of public policy and is therefore not a bar to respondents' standing to object to that trust account covering the period November 3, 1995 to August 31, 1998.

Spain, J.P., Carpinello, Rose and Lahtinen, JJ., concur.

Ordered that the order is modified, on the law, without costs, by granting summary judgment to petitioner Marion Malasky dismissing respondents' objections with respect to the trust accounting covering the period February 23, 1994 to November 3, 1995; and, as so modified, affirmed.