*664 OPINION OF THE COURT
Renee R. Roth, S.
The guardian ad litem for Philip J. Shore, the beneficiary of an inter vivos trust, asks that the trustee be removed for her failure to account as directed by the court (Matter of Vassiliou [sub nom. Vassilou], NYLJ, June 28, 2005, at 24, col 2). The trustee, an attorney who drafted the trust instrument which names herself as “grantor” and trustee, contends, however, that the terms of such instrument exempt her from the duty to account to anyone during the beneficiary’s lifetime. Such contention raises a question as to whether language in an inter vivos trust relieving the trustee of the obligation to account during the lifetime of the trust is unenforceable as “contrary to public policy” as expressed in both the statutory (EPTL 11-1.7 [a]) and common law of this state.
The undisputed facts are as follows. About 15 years ago, a personal injury action brought by Shore was settled on condition that the net proceeds of the settlement (approximately $260,000) would be held in trust for his benefit. Shore’s attorney retained Georgina Vassiliou, Esq. to prepare a trust instrument. Vassiliou drafted a trust “agreement” (between herself as “grantor” [sic] and herself as trustee) under which she gave herself as fiduciary “sole and absolute discretion” to make, or withhold, distributions of net income and principal to Shore, with the remainder at his death (after payment of funeral expenses, debts and taxes) to be distributed to his distributees.
From the inception of her tenure as trustee, Vassiliou gave Shore only a few hundred dollars per month. After she failed to give him a satisfactory answer to his repeated questions as to why he was receiving so little compared with his needs, Shore commenced a proceeding in this court, pro se, to compel her to account.
Shore’s petition was granted by order dated June 17, 2005, which directed Vassiliou to account by July 30, 2005 (Matter of Vassiliou, supra). Although such order was properly served on her, Vassiliou failed to account as directed. Subsequently, during a conference before a court attorney, Vassiliou promised to file an accounting immediately, but failed to do so. Another conference was scheduled, but only Shore and his social worker appeared. The social worker reported that her telephone calls and correspondence to Vassiliou were never answered.
Thereafter, Shore wrote to the court asking that a guardian ad litem be appointed to protect his interests as a person under *665 disability. A temporary guardian ad litem was appointed to investigate Shore’s capacity and subsequently reported that Shore was indeed incapable of representing himself. The guardian thereafter brought this application seeking Vassiliou’s removal as trustee and permission to take and state her account (SCPA 711, 2205).
In turn, Vassiliou moved to dismiss the guardian’s petition and sought leave to reargue or renew this court’s prior decision (Matter of Vassiliou, supra). In the alternative, Vassiliou has requested that she not be required to use the official forms for her accounting (SCPA 106; 22 NYCRR 207.4 [b], [c]), that the court appoint a disinterested person to review her freestyle version of an accounting or that an in camera examination of such account be conducted by the court.
In addition, Vassiliou claims that she has no obligation to account until the trust terminates because paragraph 1 (B) (11) of the trust instrument provides that
“In order to minimize costs and expenses, neither . . . the Trustee nor any successor . . . shall be required to render a formal judicial account of her transactions in this Trust . . . The [T]rustee shall prepare, as an expense of the Trust, a final accounting upon termination of the trust and shall submit a copy of same to the Primary Beneficiary . . . who may accept the same and release the Trustee from liability and claim.”
Even assuming arguendo that the trust instrument can be read as Vassiliou claims, i.e., that she is excused from accounting during Shore’s lifetime, there is a basic reason that such a provision cannot be enforced, namely, that accountability is an essential element of all fiduciary relationships which cannot be waived. (See EPTL 11-1.7; Matter of Malasky, 290 AD2d 631 [2002]; Bauer v Bauernschmidt, 187 AD2d 477 [1992]; Matter of Central Hanover Bank & Trust Co. [Momand], 176 Misc 183 [1941], affd 288 NY 608 [1942].)
Section 11-1.7 (a) (1) of the EPTL clearly recognizes that an attempt to render a fiduciary entirely unaccountable is inconsistent with the nature of a trust and void as against public policy. In relevant part, such statute provides that
“[t]he attempted grant to an executor or testamentary trustee . . . of . . . the following . . . immunity] is contrary to public policy: . . .
“[t]he exoneration of such fiduciary from liability for failure to exercise reasonable care, diligence and prudence.”
*666 This public policy against exonerating testamentary fiduciaries from any and all accountability is equally applicable with respect to inter vivos trusts where, as is the case here, there is no one in a position to protect the beneficiaries’ interests during the existence of the trust. Although some decisions might appear to hold that the references to testamentary fiduciaries in EPTL 11-1.7 signify that exoneration clauses in inter vivos trusts are not similarly forbidden (Matter of Kassover, 124 Misc 2d 630 [1984]; Matter of Brush, 46 Misc 2d 277), such a conclusion is not supportable. According to such decisions, the statute’s prohibition was intended to apply to a decedent’s estate and testamentary trust because the beneficiaries of such an entity were in special need of protection given the fact that a decedent was not able to hold the fiduciary accountable. Such reasoning, however, is equally applicable to inter vivos trusts when the language of the trust attempts to relieve the trustee from any and all accountability during the trust’s existence.
Moreover, nothing in the legislative history of the statute suggests otherwise (see 4th Rep of Temp St Commn on Estates, 1965 NY Legis Doc No. 19 [May 31,1965]). Thus, it is concluded that the public policy in EPTL 11-1.7 against exonerating a fiduciary from liability for the failure to exercise reasonable care, diligence and prudence applies equally to inter vivos trusts where by its terms there is no one in a position to protect the beneficiaries from the actions of the trustee.
It is noted that greater latitude may be more appropriate to the trustee of an inter vivos trust than to an executor or testamentary trustee where the grantor himself is a beneficiary and also serves as trustee (see Matter of Malasky, 290 AD2d 631 [2002]; Matter of Central Hanover Bank & Trust Co. [Momand], supra; Stansbury v Stansbury, NYLJ, May 21, 2007, at 45, col 1). Such is not, however, the case in this trust. The grantor here was really Shore (since the trust was funded with the proceeds of his settled lawsuit), not Vassiliou (although she described herself as “grantor” in the instrument). It is also observed that, as Vassiliou concedes, the trust was established on the premise that Shore was unable to protect his own interests. In other words, Vassiliou’s contention that, in drafting a provision advantageous to herself, she was merely expressing the deliberate choice of the grantor is completely untenable.
Furthermore, Vassiliou’s attempt to draft a trust instrument that would render her unaccountable under any circumstances strongly suggests a violation of professional ethics on her part *667 (Code of Professional Responsibility DR 7-102 [a] [2] [22 NYCRR 1200.33 (a) (2)]; cf. Matter of Lubin, 143 Misc 2d 121 [1989]).
We turn now to Vassiliou’s request for leave to reargue or renew this court’s prior decision (Matter of Vassiliou, supra). As a threshold issue, it is noted that her moving papers do not comply with the statutory requirement that a movant identify, as well as support, those issues as to which she seeks reargument and those for which she seeks renewal (Andrade v Triborough Bridge & Tunnel Auth., 10 Misc 3d 1063[A], 2005 NY Slip Op 52110[U] [2005]; Matter of DeFlorio, NYLJ, Oct. 23, 2006, at 36, col 6; Lissauer v Shaarei Halachia, Inc., 16 Misc 3d 1123[A], 2007 NY Slip Op 51551[U] [2007]; CPLR 2221 [f]). Accordingly, the motion is procedurally defective.
Even if the motion to reargue was procedurally proper, however, it would not be granted since the order that it challenges clearly serves the best interests of the trust (SCPA 2205; see also 22 NYCRR 207.42 [e]).
With respect to the motion to renew, movant must establish that additional material facts existed at the time the original motion was made, but were not then known to her and thus were not put before the court (Foley v Roche, 68 AD2d 558 [1979]; Matter of Wallach, NYLJ, Mar. 23, 1999, at 29, col 2; Matter of DeFlorio, NYLJ, Oct. 23, 2006, at 36, col 6). The court may, in its discretion, also grant renewal upon facts known to movant at the time of the original application, but only if she provides a reasonable excuse for failing to submit such evidence in her original application (Segall v Heyer, 161 AD2d 471 [1990]).
In such connection, Vassiliou contends for the first time that the “law of the case” doctrine precludes this court from directing her to account (People v Evans, 94 NY2d 499, 502 [2000]; People v Bilsky, 95 NY2d 172 [2000]; Siegel, NY Prac § 448, at 756 [4th ed]). Her new argument arises from a lawsuit commenced in 1997 by Shore against her and others in Supreme Court, New York County, based upon a claim for legal malpractice. The issue in a discovery motion made by Shore in such case was whether a trust accounting would help him to prove his malpractice case. The court held that an accounting was not necessary for such purpose. In other words, the determination of Shore’s discovery motion involved a procedural issue and did not define the trustee’s obligations under the trust instrument. Thus, even if Vassiliou had a reasonable excuse for failing to cite a decision rendered years ago (which she does not), such decision does not support her position.
*668 Finally, Vassiliou asks that, if renewal or reargument is denied, she be exempted from the statutes and rules concerning filings in accounting proceedings and that a referee be appointed to review in camera such submissions as she chooses to make. But accountings are required to be prepared in prescribed form and manner (SCPA 106; 22 NYCRR 207.4, 207.40), and Vassiliou has not set forth any cognizable basis for excusing her from being treated like every other trustee. It is noted that her alleged vision problems have not prevented her from waging an energetic and focused defense against being held accountable, and she has not identified anything that would prevent her from accounting with the same energy and focus.
Based upon the foregoing, the application for removal of Georgina Vassiliou as trustee and for permission to take and state the account is granted in all respects, and Vassiliou’s motion is denied in all respects.