In the Matter of the Trust Made by MARY XX. KEY BANK NATIONAL ASSOCIATION, as Trustee of the Trust Made by MARY XX., Respondent; LINDA KK., Appellant, et al., Respondent. [860 NYS2d 656]—

Spain, J. Appeal from that part of an order of the Supreme Court (Teresi, J.), entered May 23, 2007 in Albany County, which denied respondent Linda KK.'s objections to the account of the trust made by Mary XX.

Petitioner, Key Bank National Association, commenced the instant proceeding requesting judicial settlement of its accounting of the 1989 Mary XX. revocable inter vivos trust, as amended (hereinafter the trust). Petitioner is the sole successor trustee of the trust as well as the attorney-in-fact for Mary XX., who was determined to be an incapacitated person by order of Supreme Court in 2000 (*see* Mental Hygiene Law § 81.02 [b]). The trust, as amended, provides for the payment of income and, if necessary, principal, for the care and support of Mary. Upon her death (since her sister predeceased her in 2000), after several minor disbursements, Charles Brennan—who has resided in Mary's household and managed her farm since 1957—is to receive all of the trust assets if living; if not, they will be distributed to Mary's half brother, James XX., if living, or to his children.

In 2000, Supreme Court appointed respondent Linda KK. (hereinafter respondent) as guardian of Mary's person (*see* Mental Hygiene Law § 81.20 [a] [1]-[5], [7]), due to Mary's inability to care for herself as a result of dementia, but declined to appoint her as guardian of Mary's property. When respondent's

request to petitioner for certain financial documents and information related to Mary were denied, respondent petitioned for a compulsory accounting in order to gain information necessary to fulfill her obligations as guardian of Mary's person. This Court ultimately granted that petition, finding that in view of the specifically tailored guardianship-of-the-person order issued by Supreme Court, respondent was entitled to compel an accounting for the limited purpose of evaluating "information as to [Mary's] financial circumstances" in order "to protect and provide for her person, as well as the duty to evaluate all her relevant circumstances related to health, finances and to otherwise make decisions in her best interests" (*Matter of Mary XX.*, 33 AD3d 1066, 1068-1069 [2006]).

Petitioner prepared and submitted a lengthy accounting of the trust and then commenced the instant proceeding to judicially settle it (*see* CPLR 7702). Supreme Court appointed a guardian ad litem (*see* CPLR 1202) who filed a report with detailed objections to the account, and respondent filed lengthy objections. Supreme Court, as relevant here,[1] refused to entertain respondent's objections to the accounting, finding that the allegations were beyond the scope of her court-ordered powers and duties as guardian of Mary's person. Respondent appeals and we affirm.

Supreme Court correctly concluded that respondent's objections to the accounting "exceed the scope of her authority as Guardian [of Mary's person] because [she] is no longer merely seeking information." Our prior decision granting respondent's request to compel an accounting by the trustee was premised solely upon her need for information relative to Mary's finances, which was necessary to fulfill her court-ordered and statutory duties as guardian of Mary's person to arrange for her care and treatment (*Matter of Mary XX.*, 33 AD3d at 1067-1069). Because the court's order appointing her guardian of Mary's person obligated respondent in making these determinations "to examine all the relevant circumstances" including Mary's "existing financial circumstances" (*id.* at 1067 [emphasis omitted]), we held that respondent was entitled to the information contained in an accounting of the trust. In concluding under the circumstances—as then-existed—whether to grant respondent's request for an accounting, we noted that "since Mary is incapacitated, no one else except her guardian would have standing

---

1. Supreme Court also granted respondent's request for an accounting of petitioner's actions as attorney-in-fact. The court denied petitioner's request to appoint an independent third party to determine whether it remains in the best interest of Mary and the trust to continue to have Mary reside at home.

to compel an accounting during [her] lifetime, not even the remainder beneficiaries of the trust" (*id.* at 1068).

Respondent has now received the accounting of the trust and, thus, the necessary contemplated information required to exercise her particular limited duties as guardian of Mary's person (*id.* at 1069). As we noted, respondent did not seek—and she was not awarded—any power to manage or challenge the accounting, the trust or Mary's financial affairs or property. Also, there is no evidence that respondent's requests for payments for any of Mary's care have been denied. Importantly, when the matter was remitted to Supreme Court, a guardian ad litem was appointed to protect the interests—relative to the accounting—of Mary as an incapacitated person (*see* CPLR 1202). In view of the manifest possibility for a conflict of interest given respondent's litigious history in relation to the trust and Mary, we find that the court providently appointed a guardian ad litem to protect Mary's interests in the process of judicially settling the trustee's accounting (*see Sengstack v Sengstack*, 4 NY2d 502, 509-510 [1958]; *Anonymous v Anonymous*, 256 AD2d 90, 90 [1998], *lv denied* 99 NY2d 509 [2003]; *see also* SCPA 403 [2]).

Notably, the guardian ad litem filed a report that included numerous objections which Supreme Court continued to take under consideration at the time it issued the order under review.[2] As the guardian ad litem was authorized to protect Mary's interest in the accounting, and nothing contained in our order (or any other order or statute of which we are aware) conferred that right upon respondent as guardian of her person, the court correctly ruled that respondent lacked standing to challenge the content of the accounting. Likewise, as the settlor (Mary) is still alive, respondent's status as a contingent remainder beneficiary of the trust did not confer standing on her to challenge the accounting (*see Matter of Mary XX.*, 33 AD3d at 1068, citing *Matter of Malasky*, 290 AD2d 631, 632 [2002]). Respondent's remaining claims lack merit.

Cardona, P.J., Carpinello, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. This Court later granted the guardian ad litem's motion to withdraw his appeal from that order.