▪ In the Matter of the Accounting of LAWRENCE KALIK et al. In the Matter of the Accounting of CARL WAGMAN. LORETTA WAGMAN, Appellant-Respondent, v LAWRENCE KALIK et al., Respondents, and CHASE MANHATTAN BANK, as Successor in Interest to CHEMICAL BANK, Respondent-Appellant, et al., Defendants. [986 NYS2d 109]—

Order, Surrogate's Court, New York County (Renee Roth, S.), entered on or about January 2, 2009, which resubmitted this matter to a referee for further findings of fact, and order, same court (Nora Anderson, S.), entered on or about March 6, 2012, which confirmed the referee's report, unanimously affirmed, without costs.

In this action, arising out of a trust created by Louis Wagman (Louis) in 1977, Carl Wagman, Louis' son, was substituted as plaintiff after Louis' widow (plaintiff's mother), Loretta Wagman, died. Although plaintiff contends the referee was biased, he did not seek the referee's recusal and may not raise this argument for the first time on appeal (*see People v Kirsh*, 176 AD2d 652, 653 [1st Dept 1991], *lv denied* 79 NY2d 949 [1992]; *see also Gottesman Bus. Brokers v Goldman Fire Prevention Corp.*, 238 AD2d 250 [1st Dept 1997]).

Plaintiff waived his argument that the Surrogate should not have sent the Supreme Court action (which Supreme Court had previously transferred to Surrogate's Court) to a referee by failing to appeal from the order of reference (*see 587 Dev., Inc. v Pizzuto*, 8 AD3d 5 [1st Dept 2004]; *Law Offs. of Sanford A. Rubenstein v Shapiro Baines & Saasto*, 269 AD2d 224, 225 [1st Dept 2000], *lv denied* 95 NY2d 757 [2000]).

Plaintiff lacks standing to object to the part of the accounting that covers the period when his father, the grantor, was alive, i.e., the period when the trust was revocable (*see Matter of*

*Malasky*, 290 AD2d 631, 632 [3d Dept 2002]; *see also Matter of Central Hanover Bank & Trust Co. [Momand]*, 176 Misc 183, 186 [Sup Ct, NY County 1941], *affd* 263 App Div 801 [1st Dept 1941], *affd* 288 NY 608 [1942]).

Although the referee found that plaintiff lacked standing to make objection 17, he nonetheless reached the merits by recommending that the Surrogate might wish to direct the amendment of the account sua sponte. This recommendation was to incorporate the defendant bank trustee's admitted inability to explain why approximately $600 in interest for the PBT Tax Exempt Bond Fund had not been credited for December 1977 and March 1978. Although the Surrogate did not abide by that recommendation, there was no reason for her to reach the merits of that objection since plaintiff lacked standing to raise it.

Plaintiff contends that the referee should have rejected the testimony of Lawrence Kalik, a trustee and executor of Louis' estate, that he was not actively involved in the management of Butterflake Bakery. However, the referee "was in the best position to weigh the evidence and make credibility determinations" (*Winopa Intl., Ltd. v Woori Am. Bank*, 59 AD3d 203, 204 [1st Dept 2009] [internal quotation marks omitted]; *see also Anonymous v Anonymous*, 289 AD2d 106, 107 [1st Dept 2001]).

Plaintiff failed to preserve his argument that defendants should be surcharged for $61,000 because they cannot produce a cancelled check from Butterflake for the settlement amount and because their accounting states that the Butterflake obligation was retired as worthless. Similarly, plaintiff failed to preserve the portion of his spoliation argument that involves Butterflake. Although he preserved the portion of his spoliation argument that addresses documentation for the withdrawals that his father made during his lifetime, the argument is unavailing since, as noted above, plaintiff lacks standing to object to the part of the accounting that covers the period during which Louis was alive.

Plaintiff contends that the decree approving defendant Kalik's account as executor is not res judicata because "fiduciaries can find no shelter in prior decrees on judicial settlement where . . . disclosure of necessary facts is withheld" (*Matter of Van Deusen*, 24 Misc 2d 611, 614 [Sur Ct, Columbia County 1960]). However, the referee found that plaintiff's mother was aware of the tax audits. Therefore, defendant Kalik did not withhold necessary facts by failing to disclose the tax audits in his accounting for Louis' estate.

The referee addressed the arguments that plaintiff reiterates

on appeal regarding the trust's repayment of a loan made by plaintiff's mother and its treatment of tax refunds, the alleged distinction between mandatory and discretionary payments, and the decision to reserve for trust expenses from 1994 onward, and the Surrogate properly exercised her "broad power" to accept his report (*see Taveras v General Trading Co., Inc.*, 73 AD3d 659, 660 [1st Dept 2010] [internal quotation marks omitted]). We defer to the referee's conclusions since they turn on a determination of witness credibility (*see id.*).

Plaintiff contends that defendants should be surcharged because the Bank made no suggestions about diversifying the trust's assets between 1994 and 2001. Even if, arguendo, the trustees (including plaintiff himself) violated EPTL 11-2.3 (b) (3) (C) and the Bank violated EPTL 11-2.3 (b) (6), no surcharge is warranted because plaintiff failed to prove damages. He presented no evidence as to the date on which the Bank should have diversified the trust's assets or the value of the trust corpus on the date it should have been diversified (*see* Margaret Valentine Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 11-2.3).

In the alternative, plaintiff contends that the court should deny some or all of defendants' commissions due to their failure to diversify. He may make this argument before the Surrogate, whose 2012 order indicates that she will try the issue of commissions.

Contrary to plaintiff's contention, the referee correctly found that he abandoned any objections as to which he presented no proof (*see Schulman v Levy, Sonet & Siegel*, 302 AD2d 321 [1st Dept 2003]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Richter, Feinman and Gische, JJ.