# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**179**

**CA 14-02157**

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF THE PETITION FOR JUDICIAL
SETTLEMENT OF THE ACCOUNT OF MICHELE M. PAVLYAK,
AS TRUSTEE OF THE PAVLYAK LIVING TRUST, UNDER        MEMORANDUM AND ORDER
AGREEMENT DATED JUNE 19, 1998.
--------------------------------------------------
MICHELE M. PAVLYAK, PETITIONER-APPELLANT;

GEORGE M. PAVLYAK, OBJECTANT-RESPONDENT.

---

LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF
COUNSEL), FOR PETITIONER-APPELLANT.

GEORGE M. PAVLYAK, OBJECTANT-RESPONDENT PRO SE.

---

Appeal from an order of the Surrogate's Court, Onondaga County
(Ava S. Raphael, S.), entered October 9, 2014. The order, inter alia,
granted in part the written objections to the trust account filed with
the court.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by dismissing objection Nos. 5(O) and
5(P) in part, thereby approving reimbursement to petitioner for travel
expenses related to trust administration in the amount of $6,934.85,
and by dismissing objection Nos. 5(K), 5(U), 5(X), 5(Y), 5(Z), 5(AA),
5(BB), and 5(DD), and as modified the order is affirmed without costs.

Memorandum: In a proceeding for the judicial settlement of the
account of petitioner as trustee under an inter vivos trust,
petitioner appeals from an order that, inter alia, granted certain
objections following a hearing.

Initially, we reject petitioner's contention that objectant, in
his capacity as a remainderman, lacked standing to challenge the
administration of the trust from the date of the death of the first
settlor. At that time, the trust became irrevocable under its express
terms and objectant obtained a pecuniary interest in the trust under
its express terms (*see generally Matter of Malasky*, 290 AD2d 631,
632). Contrary to petitioner's further contention, we conclude that
Surrogate's Court did not impose an improper initial burden of proof
on petitioner. It is well settled that, "[i]n a proceeding to settle
a fiduciary's account, 'the party submitting the account has the
burden of proving that he or she has fully accounted for all the
assets of the estate, and this evidentiary burden does not change in
the event the account is contested. While the party submitting

objections bears the burden of coming forward with evidence to establish that the account is inaccurate or incomplete, upon satisfaction of that showing the accounting party must prove, by a fair preponderance of the evidence, that his or her account is accurate and complete' " (*Matter of Doman*, 110 AD3d 1073, 1074, *lv denied* 23 NY3d 903; *see Matter of Schnare*, 191 AD2d 859, 860, *lv denied* 82 NY2d 653).  Here, we conclude that the record establishes that the Surrogate properly applied those standards.

We agree with petitioner, however, that the Surrogate erred in concluding that petitioner failed to account for expenses incurred in updating and preparing the trust's residential real property for sale. The record unequivocally establishes that petitioner accounted for all such expenses, that petitioner incurred them in good faith, and that they subsequently resulted in a gain, not a loss, to all interested parties (*see generally Matter of Klausner*, 192 Misc 790, 793).  We therefore modify the order by dismissing objection No. 5(K).

Inasmuch as the terms of the trust provided for the reimbursement of reasonable travel expenses incurred by the trustee in administering the trust, we also agree with petitioner that the Surrogate abused her discretion in disallowing all of the listed travel expenses.  Upon our review of the record, we conclude that the claimed travel expenses should have been equally apportioned by petitioner between those incurred with respect to trust obligations and those related to the personal care of petitioner's mother, which is not a trust obligation, even though petitioner's mother was one of the trust settlors.  In our view, the amount of $6,934.85 reflects an appropriate allowance for reasonable and necessary travel expenses incurred for trust administration purposes, and we therefore modify the order accordingly with respect to objection Nos. 5(O) and 5(P).

We likewise conclude that the Surrogate abused her discretion in disallowing fees paid for professional accounting services rendered on behalf of the trust.  Surrogate's Court Procedure Act § 2309 (1) provides that, upon the settlement of an account, the Surrogate must allow all reasonable and necessary expenses actually paid by a trustee.  The Uniform Rules for Surrogate's Court (22 NYCRR) § 207.40 (g), provides that "[t]he cost of producing and delivering a full accounting to persons interested in the estate shall be deemed a proper disbursement and allowed as an expense of administration." Under the circumstances presented, we conclude that professional accounting services incurred by the trust over the span of six years in the total sum of $15,059.67 were both reasonable and necessary in the administration of the trust, and we therefore further modify the order by dismissing objection No. 5(U).

With respect to the denial of petitioner's statutory commissions, SCPA 2309 (1) provides that, "[o]n the settlement of the account of any trustee the court . . . must allow to the [fiduciary] . . . a commission."  Here, the record establishes that petitioner did not engage in fraud, gross neglect of duty, intentional harm to the trust, sheer indifference to the rights of others, or disloyalty, and there is no evidence that petitioner's services resulted in pecuniary loss

to the trust.  We thus conclude that it was an abuse of discretion for the Surrogate to disallow petitioner her statutory commissions for her service as trustee (*see Matter of Lasdon*, 105 AD3d 499, 500, *lv denied* 22 NY3d 856), and we therefore further modify the order by dismissing objection Nos. 5(X), 5(Y), 5(Z), 5(AA), 5(BB), and 5(DD).

Entered:  May 6, 2016                          Frances E. Cafarell
                                               Clerk of the Court