Friedrich v Klaristenfeld (2021 NY Slip Op 03443)





Friedrich v Klaristenfeld


2021 NY Slip Op 03443


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-04459
 (Index No. 523653/18)

[*1]Sarah Friedrich, respondent, 
v
Rifka Klaristenfeld, etc., appellant.


Alexander M. Dudelson, Brooklyn, NY, for appellant.
Storch Law, P.C., Brooklyn, NY (Zvi A. Storch of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for an accounting, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated February 25, 2019. The order, insofar as appealed from, denied that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint for lack of standing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant are sisters. On November 25, 2010, their parents, as grantors, and the defendant, as trustee, established an inter vivos trust of which the plaintiff is a remainderman (hereinafter the Trust).
In 2018, the plaintiff, in her capacity as a remainderman under the Trust, commenced this action against the defendant, individually and in her capacity as trustee of the Trust, inter alia, for an accounting of the Trust and related relief. Subsequently, the defendant cross-moved, among other things, pursuant to CPLR 3211(a)(3) to dismiss the complaint for lack of standing. In an order dated February 25, 2019, the Supreme Court, inter alia, denied that branch of the defendant's cross motion. The defendant appeals.
Contrary to the defendant's contention, the plaintiff has standing in her capacity as a remainderman to seek an accounting and related relief with regard to the Trust, since the Trust is irrevocable, and thus, the plaintiff has a pecuniary interest therein (see Matter of Pavlyak, 139 AD3d 1338, 1339; cf. Matter of Kalik, 117 AD3d 590, 590-591; Matter of Malasky, 290 AD2d 631, 632). Even assuming that the grantor of an irrevocable inter vivos trust may properly relieve the trustee from accountability to the remainderman during the grantor's lifetime, the Trust does not expressly do so (cf. Matter of O'Malley, 206 Misc 687, 691-693 [Sup Ct, Westchester County], mod 286 App Div 869; Matter of Central Hanover Bank & Trust Co. [Momand], 176 Misc 183 [Sup Ct, NY County], affd 263 App Div 801, affd 288 NY 608).
Accordingly, the Supreme Court properly denied that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint for lack of standing.
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court