Matter of Wasserstein (2024 NY Slip Op 05423)

Matter of Wasserstein

2024 NY Slip Op 05423

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Webber, J.P., Oing, Kapnick, Kennedy, JJ. 

File No. 3927/09/O, 3927/09/P, 3927/09/Q, 3927/09/R, 3927/09S, 3927/09Tm 3927/09U Appeal No. 2960 Case No. 2024-03826 

[*1]In the Matter of the Second Intermediate Account of Ellis B. Jones, A.D. Scoop Wasserstein, Ben C. Wasserstein, and Pamela S. Wasserstein, as Co-Executors of the Will of Bruce Wasserstein, Deceased.
In the Matter of the Second Intermediate Account of Pamela S. Wasserstein and George L. Majoros, Jr., as Trustees under the Cranberry Dune 1998 Long-Term Trust dated as of December 17, 1998, Made by Bruce Wasserstein, as Grantor, for the Benefit of the Issue of Bruce Wasserstein, Deceased.
In the Matter of the Second Intermediate Account of Pamela S. Wasserstein and George L. Majoros, Jr., as Trustees under the 2001 Wasserstein Family Trust Dated May 21, 2011, Made by Bruce Wasserstein, as Grantor, for the Benefit of the Issue of Bruce Wasserstein, Deceased.
In the Matter of the Second and Final Account of Pamela S. Wasserstein, George L. Majoros, Jr., and Anup Bagaria, as Trustees under the Wasserstein London Trust Dated September 15, 2005, Made by Pamela S. Wasserstein, Ben C. Wasserstein, and Ellis B. Jones, as Donors, for the Benefit of the Issue of Bruce Wasserstein, Deceased.
In the Matter of the Second and Final Account of Pamela S. Wasserstein, Ben C. Wasserstein, A.D. Scoop Wasserstein, George L. Majoros, Jr., and Anup Bagaria, as Trustees under the Wasserstein Santa Barbara Trust Dated as of September 15, 2005, Made by Pamela S. Wasserstein, Ben C. Wasserstein, and Ellis B. Jones, as Donors, for the Benefit of the Issue of Bruce Wasserstein, Deceased.
In the Matter of the Second and Final Account of Pamela S. Wasserstein, Ben C. Wasserstein, A.D. Scoop Wasserstein and George L. Majoros, Jr., as Trustees under the BW Long-Term Trust Dated as of February 10, 1998, Made by Bruce Wasserstein, as Donor, for the Benefit of the Issue of Bruce Wasserstein, Deceased.
In the Matter of the Second and Final Account of Pamela S. Wasserstein, A.D. Scoop Wasserstein, George L. Majoros, Jr., and Anup Bagaria, as Trustees under the Wasserstein East Hampton Trust Dated September 15, 2005, Made by Pamela S. Wasserstein, Ben C. Wasserstein, Ellis B. Jones, and Wilmington Trust Company, as Donors, for the Benefit of the Issue of Bruce Wasserstein, Deceased.
Erin McCarthy as Guardian of the Property of Sky W.E. Wasserstein, Objectant-Appellant, 
 Pamela S. Wasserstein et al., Petitioners-Respondents.

Pillsbury Winthrop Shaw Pittman LLP, New York (David G. Keyko of counsel), for appellant.
Paul Weiss, Rifkind, Wharton & Garrison LLP, New York (Andrew Gordon of counsel), for Ellis B. Jones, George L. Majoros, Jr. and Anup Bagaria, respondents.
Milbank LLP, New York (Robert C. Hora of counsel), for Pamela S. Wasserstein, Ben C. Wasserstein and A.D. Scoop Wasserstein, respondents.

Order, Surrogate's Court, New York County (Hilary Gingold, S.), entered on or about May 28, 2024, which sua sponte appointed a guardian ad litem for Sky W.E. Wasserstein, unanimously affirmed, without costs.
The court providently exercised its discretion in concluding that Sky's and her mother's (Erin McCarthy) interests were potentially in conflict (see SCPA 402[2]; see also Matter of Betz, 74 AD3d 1459, 1460 [3d Dept 2010]). Although McCarthy does not stand to inherit any portion of the estate, the record shows that her interests might be at odds with Sky's due to her refusal to disavow her younger daughter's potential claims to the estate or the trusts. Similarly, McCarthy's resentment and hostility toward the Wasserstein siblings, as well as her litigiousness when it comes to the estate and trusts, further militate in favor of appointing a guardian ad litem (see Matter of Mary XX., 52 AD3d 983, 985 [3d Dept 2008], lv denied 11 NY3d 706 [2008]).
We have reviewed McCarthy's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024