■ MARRIN M. DePICABIA, as Executor and Trustee of MARIE M. DePICABIA, Deceased, Appellant, v CHESTER NATIONAL BANK, Respondent.—In an action to (1) declare a certain loan null and void and (2) recover the proceeds of the sale of certain securities delivered as collateral for the said loan, plaintiff appeals from an order of the Supreme Court, Orange County, dated July 8, 1974, which (1) marked the action off the calendar unless a substitute trustee was appointed within 60 days and (2) granted defendant's motion to dismiss the complaint in the event of the failure of such an appointment. Order modified by deleting its decretal provisions and substituting therefor the following: "Ordered that plaintiff, Marrin M. DePicabia, is removed as testamentary trustee under the will of Marie M. DePicabia, deceased, by reason of his admitted misconduct in his administration of that trust, and it is further Ordered that the Clerk of the Supreme Court, Orange County, shall give written notice to the Clerk of the Surrogate's Court, Orange County, of the entry of this order by delivery to him of a certified copy thereof, so that the latter court may take appropriate proceedings for the appointment of a substitute trustee of the above-mentioned trust and for the taking of such other proceedings as that court may deem necessary and proper for the protection and enforcement of the rights and remedies of the beneficiaries of that trust, and it is further Ordered that this action is marked off the calendar of this court and that the substituted trustee, who shall be expeditiously appointed, may move in this court, on notice to defendant, for the restoration of this action to the trial calendar, upon such terms and conditions as may be proper." As so modified, order affirmed, without costs. Marie M. DePicabia died testate in November, 1965, leaving her two surviving sons, plaintiff and Lorenzo DePicabia. Her will was probated in the Surrogate's Court, Orange County, which court appointed plaintiff trustee of the testamentary trust created for Lorenzo's benefit by that will. Plaintiff has been acting as such trustee for Lorenzo, and for the remaindermen of that trust as beneficiaries thereof, since prior to July, 1967. As such trustee he received the assets of that trust. According

to the complaint, plaintiff, as such trustee, borrowed $100,000 from the defendant bank for the benefit of his designee, Fiberglass Boat Corp. He delivered a promissory note in the amount of $100,000 to defendant, undertaking, in his capacity as trustee of that trust, to repay the loan. As collateral security therefor, he pledged and delivered to defendant securities belonging to the trust, consisting of shares of stock in public corporations. Defendant sold those securities in August, 1972 for $84,210.42, after plaintiff's default in the repayment of the note. Plaintiff now asserts in his complaint that defendant knew that the trust did not receive the $100,000 allegedly loaned to it and that the money had in fact been knowingly loaned by defendant to Fiberglass. At a pretrial conference in this action the Trial Justice noted that plaintiff was seeking to set aside a transfer of trust property which he had had no power to make and that his conduct precluded him from continuing as a proper custodian or trustee of the trust property. Consequently, he promulgated the order under review. Plaintiff's contention that Special Term had no power to grant equitable relief, because this action allegedly was inadvertently placed on the Equity Calendar, is devoid of merit. Aside from the fact that no motion was made to strike this action from the Equity Calendar, the complaint, *inter alia,* requests equitable relief. The Supreme Court, in the exercise of its equity jurisdiction, has the power to remove a trustee of a trust, who is a party to the action, if the facts establish that the trustee was guilty of improper conduct in the administration of the trust. This power applies with regard to a testamentary trust even though the Surrogate's Court might have concurrent jurisdiction to remove such testamentary trustee (see *Pyle v Pyle,* 137 App Div 568, affd 199 NY 538; 27 Am Jur 2d, Equity, § 63), and the Supreme Court must notify the Surrogate's Court of such removal (SCPA 714). Such a trustee may summarily be removed if it appears that he has mingled the trust's funds and assets with his own or has used the trust's assets for his or for a third party's benefit (SCPA 719, subd 7; EPTL 11-1.6; *Matter of Grossman,* 157 Misc 164, 166, affd 250 App Div 503). Special Term has recognized the probability that the beneficiary or beneficiaries of the subject trust are "blameless" in the unlawful manipulation of the trust assets, which diversion allegedly occurred with the knowledge of defendant. However, to require the complaint (albeit without prejudice) to be dismissed if a substitute trustee is not appointed in 60 days, in our view, places an onerous, if not impossible, obligation upon the beneficiaries of the trust. Neither Lorenzo, nor the remaindermen were before Special Term. The record does not show who the remaindermen are and whether they, or Lorenzo, the life beneficiary, are competent to act to protect their rights in the trust, assuming that they know that Special Term has, in effect, directed that plaintiff be removed for his improper conduct and that a substitute trustee should be appointed, if possible within 60 days, to proceed with this action. Rabin, Acting P. J., Martuscello, Latham, Margett and Munder, JJ., concur.