In a probate proceeding in which the executor of the estate, Diana Carney, petitioned to judicially settle her account, the objectant Lynne A. Krontz appeals from an order of the Surrogate’s Court, Nassau County (McCarty III, S.), dated September 30, 2014, which denied her motion to set aside a release.
 

 Ordered that the order is affirmed, with costs payable personally by the appellant.
 

 Anton Spacek (hereinafter the decedent) died in 2007. The decedent’s will provided that six specified persons, including Diana Carney and Lynne A. Krontz, would share equally in the residuary estate, and letters testamentary were issued to Carney. Subsequently, Carney, through her attorney, sent an agreement in lieu of a formal accounting and judicial settlement to the other beneficiaries. The agreement, among other things, released Carney from any claims related to her acts as executor. The estate’s tax return and other financial documents were annexed to the agreement. Krontz signed the agreement containing the release. She later sought to revoke her release, alleging that she was not made aware that Carney was going to receive a larger share of the estate assets because Carney was a joint holder of various bank accounts with the decedent.
 

 After Carney petitioned to judicially settle her account, Krontz objected to Carney’s account and moved to set aside the release. The Surrogate’s Court denied the motion to set aside the release. Krontz appeals, and we affirm.
 

 “[A] fiduciary, as an executor or trustee, is obligated to account for his or her decisions and actions in administering an estate or trust” (Matter of Lifgren, 36 AD3d 1042, 1044 [2007]; see SCPA art 22; Matter of Hunter, 4 NY3d 260, 267 [2005]). “While formal accountings of an estate are done in the context of a judicial proceeding, ‘[a] fiduciary may also account informally by obtaining receipts and releases from interested parties regarding the handling of the estate or trust’ ” (Matter of Lifgren, 36 AD3d at 1044, quoting Matter of Hunter, 4 NY3d at 267 n 3). “ ‘[S]uch an informal accounting is as effectual for all purposes as a settlement pursuant to a judicial decree’” (Matter of Lifgren, 36 AD3d at 1044, quoting Matter of LeoGrande, 13 Misc 3d 1070, 1076 [Sur Ct, Nassau County 2006]; see Matter of Wagner, 119 NY 28, 34-35 [1890]). “ ‘[I]f a fiduciary gives full disclosure in his [or her] accounting, to which the beneficiaries are parties . . . they should have to object at that time or be barred from doing so after the settlement of the account’ ” (Matter of Lifgren, 36 AD3d at 1044, quoting Matter of Hunter, 4 NY3d at 271). “Where the validity of a release is challenged, ‘the fiduciary must affirmatively demonstrate that the beneficiaries were made aware of the nature and legal effect of the transaction in all its particulars’ ” (Matter of Lifgren, 36 AD3d at 1044, quoting Matter of Birnbaum v Birnbaum, 117 AD2d 409, 416 [1986]).
 

 Here, the documents provided by Carney to Krontz and the other beneficiaries along with the release made the beneficiaries aware of all the distributions that would be made from the estate. The tax return showed that Carney would receive a greater share of the estate as a result of bank accounts she held jointly with the decedent. Thus, the Surrogate’s Court correctly denied Krontz’s motion to set aside the release.
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.