Matter of Varone Irrevocable Trust (2021 NY Slip Op 03594)





Matter of Varone Irrevocable Trust


2021 NY Slip Op 03594


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2018-00756

[*1]In the Matter of Varone Irrevocable Trust. Michele Meyers, etc., appellant; Richard B. Varone, respondent. (File No. 1612/16)


Law Offices of Joanne Fanizza, P.A., Bay Shore, NY, for appellant.
Mark H. Weiss, P.C., Commack, NY (Michele Morley of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to SCPA 2205 to compel a trust accounting, in which Richard B. Varone petitioned to judicially settle a trust account, Michele Myers appeals from an order of the Surrogate's Court, Suffolk County (John M. Czygier, Jr., S.), dated November 3, 2017. The order, insofar as appealed from, denied the motion of Anthony Varone and Michele Myers to enforce a stipulation of settlement dated December 8, 2016, and to remove Richard B. Varone as trustee of the trust, and, in effect, granted that branch of the cross motion of Richard B. Varone which was to rescind the stipulation of settlement.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof, in effect, granting that branch of the cross motion of Richard B. Varone which was to rescind the stipulation of settlement, and substituting therefor a provision denying that branch of the cross motion, and (2) by deleting the provision thereof denying that branch of the motion of Anthony Varone and Michele Myers which was to enforce the stipulation of settlement, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In April 2016, Anthony Varone (hereinafter Anthony), as the grantor and a beneficiary of the Varone Irrevocable Trust (hereinafter the trust), and Michele Myers, as successor trustee and a beneficiary of the trust, commenced this proceeding pursuant to SCPA 2205 to compel the trustee, Richard B. Varone (hereinafter the trustee), to file an account for the trust. The trustee subsequently filed an account in the Surrogate's Court along with a petition to judicially settle the account. Thereafter, the parties entered into a stipulation of settlement dated December 8, 2016 (hereinafter the stipulation), signed and agreed to by the parties and their counsel, wherein it was agreed, inter alia, that Anthony and Myers would not object to the account on file so long as certain conditions of the stipulation were performed by December 31, 2016, including the transfer by the trustee of his interest in certain property located in Kings Park to the trust.
In March 2017, Anthony and Myers moved to enforce the stipulation and to remove the trustee from his position. The trustee opposed the motion and cross-moved, inter alia, to rescind the stipulation. Anthony subsequently died, and Myers, as the administrator of Anthony's estate, was substituted for Anthony. In an order dated November 3, 2017, the Surrogate's Court determined that [*2]the stipulation was a binding agreement (see CPLR 2104), and that the language employed by the parties contemplated that the remedy available to Myers in the event the trustee did not fulfill his obligations under the agreement by December 31, 2016—the deadline for compliance with many of the provisions—was rescission of the stipulation. Accordingly, the court, in effect, granted that branch of the trustee's cross motion which was to rescind the stipulation and denied the motion to enforce the stipulation and to remove the trustee. Myers appeals.
"Stipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230), "especially where the parties are represented by counsel" (Matter of Mercer, 113 AD3d 772, 774). A stipulation of settlement is a contract, enforceable according to its terms. When interpreting a contract, the construction arrived at should give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the parties' expressions so that their reasonable expectations will be realized (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162; Matter of Christie, 152 AD3d 765, 767).
Here, the stipulation "clearly and unambiguously" (Vider v Vider, 46 AD3d 673, 674) provided that the trustee would, inter alia, "transfer his interest as remainderman . . . to real property located at 75 Ninth Ave., Kings Park, NY to the Trust by Quit Claim Deed . . . by or before 12/31/16." The trustee's failure to comply with this provision by the deadline of December 31, 2016, was not grounds to rescind the stipulation.
Reading the stipulation as a whole, the interpretation of the Surrogate's Court was not a reasonable reflection of the parties' intent. Although paragraph 12 of the stipulation expressly provided for Myers's "right to take [the trustee's] deposition and file objections" should the stipulation not be complied with by December 31, 2016, nowhere in the stipulation does it state that this was Myers's sole or exclusive remedy in the event of the trustee's default, or that the remedy for noncompliance with the stipulation was rescinding it (see GEM Holdco, LLC v RDX Tech. Corp., 167 AD3d 491, 492; see also Coizza v 164-50 Crossbay Realty Corp., 37 AD3d 640). Reading the stipulation as a whole, there is nothing to suggest that Myers intended to surrender her contractual right to compel the trustee to comply with his obligations under the stipulation. Finally, the trustee failed to show that there was cause sufficient to invalidate the stipulation, such as fraud, collusion, mistake, or accident (see Racanelli Constr. Co., Inc. v Tadco Constr. Corp., 50 AD3d 875, 876).
Since Myers demonstrated that the parties stipulated to settle the instant proceeding, and since the trustee did not show any reason to invalidate the stipulation, the Surrogate's Court should have granted that branch of the motion which was to enforce the terms of the stipulation and denied that branch of the trustee's cross motion which was to rescind the stipulation (see Bethea v Thousand, 127 AD3d 798, 799-800).
However, contrary to Myers's contention, the Surrogate's Court properly denied that branch of the motion which was to remove the trustee (see SCPA 711, 719; Matter of Duke, 87 NY2d 465; Matter of Mercer, 113 AD3d 772).
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court