| **Yonke v D'Angelo** |
|:---:|
| 2024 NY Slip Op 32349(U) |
| July 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No.: 150398/2015 |
| Judge: James E. d'Auguste |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     Hon. James E. d'Auguste                          PART 55

                                                    *Justice*

-------------------------------------------------------------------------------X

KRISTINA HAMNER YONKE,                          INDEX NO.        150398/2015

                              Plaintiff,        MOTION DATE     09/22/2018

                                                MOTION SEQ. NO.      002
                  - v -

for a Compulsory Accounting by George D'Angelo
(deceased), Post-Deceased Trustee under Deed of Trust
created by Ingrid Yonke (deceased) dated 10/1/2010,        **DECISION + ORDER ON**
by David S. D'Angelo and Christopher D'Angelo as               **MOTION**
Fiduciaries of George D'Angelo's Estate,

                              Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 78, 79, 80, 81, 82, 85

were read on this motion to/for           SUMMARY JUDGMENT (AFTER JOINDER)        .

This petition concerns the administration of the Ingrid Yonke Trust (the Trust)

by respondent/trustee George A. D'Angelo (George) in which petitioner Kristina Hamner

Yonke (petitioner or Kristina) seeks an accounting of the Trust.

Respondents David D'Angelo and Christopher D'Angelo, as fiduciaries of the Estate of

George D'Angelo and successor trustees of the Trust, move, pursuant to CPLR 3212, for

summary judgment dismissing the petition.

Petitioner cross-moves, pursuant to New York Estates, Powers and Trusts Law (EPTL)

§ 7-2.6 (a) (2), for an order removing respondent David D'Angelo as successor trustee of the

Trust.

For the reasons set forth below, respondents' motion for summary judgment is granted,

and petitioner's cross-motion is denied.

**150398/2015   HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**                    **Page 1 of 21**
  **Motion No.  002**

[* 1]

## BACKGROUND

**The Trust Instrument**

By Trust Instrument dated October 1, 2010, Ingrid Yonke (the Decedent) created the Trust (*see* Trust Instrument [NYSCEF Doc No. 37]). The Decedent (the Trust's grantor): (1) provided that she would be the Trust's only beneficiary during her lifetime and (2) directed that, after her death, the Trust would continue to exist for the benefit of her daughter, Kristina (the Trust's remainder beneficiary).

Pursuant to the Trust Instrument, the Decedent reserved the right to revoke the Trust Instrument (*see id.,* ¶ 8 ["This Trust is revocable"]). The Trust Instrument further provides that, during the Decedent's lifetime, the Trustee of the Trust shall pay to the Decedent "the net income" derived from the Trust (*see id.*, ¶ 1 [a]). Thereafter, the Trust Instrument authorizes the Trustee of the Trust to pay or apply so much of the Trust's principal as the Trustee shall determine is necessary for the Decedent's "medical care, maintenance, support and general welfare" (*see id.*, ¶ 2).

The Trust Instrument does not provide for the Decedent's daughter, Kristina, to benefit from the Trust during the Decedent's lifetime (*see id.*, ¶ 1 [b]). Instead, the Trust Instrument provides that, if Decedent had not theretofore revoked or altered the Trust, upon the Decedent's death, the Trustee of the Trust shall distribute to Kristina the Trust's "net income," and authorizes the Trustee to invade the Trust's principal for Kristina's "health, support, maintenance and education" (*see id.*). The Trust Instrument further states that: "[Kristina] may [by] written request to the trustee withdraw from the principal of the trust the following: up to one-third (1/3) thereof at any time after such child's reaching thirty-five (35) years of age [or

**150398/2015   HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No.  002**

**Page 2 of 21**

2 of 21

after my death if such child has reached age thirty-five (35)] and the entire balance thereof at any time after reaching forty (40) years of age" (*see id*.).

The Decedent appointed George to serve as trustee of the Trust (*see generally* Trust Instrument). She also nominated George's sons, David and Christopher, to serve as successor trustees in the event that George was not able to administer the Trust (*see id*., ¶ 7).

**George's Administration Of The Trust During The Decedent's Lifetime**

Following his appointment as Trustee of the Trust, George administered the Trust for the Decedent's benefit (*see* Trust Financial Reports, dated December 31, 2011 and August 7, 2012 [NYSCEF Doc Nos. 39 and 40). During the Decedent's lifetime, George made more than $5,000,000 in Trust distributions to, or for the benefit of, the Decedent (*see id.,* schedule D). George also provided the Decedent with annual financial reports for the Trust and statements for its investment accounts (*see* George D'Angelo dep [NYSCEF Doc No. 38], at 70-71).

By Approval of Administration of Trust, dated January 1, 2012 (the Approval [NYSCEF Doc No. 41), the Decedent approved of George's administration of the Trust for the period October 1, 2010 to January 1, 2012, expressly releasing – and indemnifying – him from liability for his stewardship of the Trust during that period. The Approval, duly executed by the Decedent, states as follows:

> "1. George ... is a trustee under certain trusts created under the Trust Agreement of October 1, 2010 (the 'Trust').
>
> 2. I have examined the monthly and annual statements, checks, check register, and other records, of or relating to the Trust, including without limitation those of or relating to the accounts of the Trust at UBS Financial Services, Inc. through the present; I find the statements, checks, check registers, and other records, to be true and correct in all particulars and that my assets and the assets of the Trust have been fully accounted for; I acknowledge, approve and affirm that all transactions, dispositions, withdrawals, distributions and payments made by or at the direction of [George] in, among, to and/or from each account or asset have

**150398/2015   HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No.  002**

**Page 3 of 21**

been authorized and approved by me and are hereby ratified, affirmed and approved as though done by me; and I accept and approve the aforesaid statements with the same force and effect as though they had been complied into a formal statement of account duly filed with, audited, adjudicated and confirmed absolutely by the court having jurisdiction over the trust.

3. I waive and audit the administration of the trust through the present by the court having jurisdiction over the trust.

4. I waive the preparation of a full accounting of the trust, all assets, principal and income through the present having been fully accounted for and having been paid for ... the person entitled thereto or held, as shown as the aforesaid statements or in the aforesaid documents and other records, in continued trust, as the case may be.

5. I hereby absolutely and irrevocably REMISE, RELEASE, QUITCLAIM and FOREVER DISCHARGE [George], as well as heirs, successors, executors, administrators and assigns, of and from any and all actions, causes of actions, payments, accounts, reckonings, liabilities, claims and demands whatsoever, in law or equity, whether known or unknown or heretofore capable or incapable of being discovered, which I ever had, now have or which I or my personal representatives, heirs, successor trustees, successor beneficiaries, successor or assigns, or any of them, hereafter can, shall or may have, for or by reason of any cause, matter or things whatsoever from the beginning of the world to the date hereof, including without limitations, that which relates in [any way to the] trust.

6. I hereby agree to indemnify and hold harmless [George], as well as his heirs, successors, executors, administrators and assigns, from and against any and all claims, loss, liability or damage (whether or not related to negligence or gross negligence of [George] which [George] may suffer or to which [George] may be subject by reason of the administration of the trust, or of any act or omission through the present in connection therewith or related thereto, or the approval and settlement of the foregoing based on the statements rather than an[] accounting without the approval of the court having jurisdiction over the trust.

7. I acknowledge that I have been advised that I am entitled to and may obtain the advise (sic) of independence legal and accounting counsel in connection with the trust, and in connection herewith, and that if I wish I may have a formal accounting of the trust, and an audit therefore by the court, and that I have determined that such independent counsel, formal accounting and audit are not required and that I wish to proceed as set forth in this approval and release"

(*see id.*).

**150398/2015   HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**   **Page 4 of 21**
**Motion No.  002**

4 of 21

[* 4]

### The Decedent's Death And The Resulting Litigation

The Decedent died on August 7, 2012 (*see* petition [NYSCEF Doc No. 1],¶ 17). She was survived by Kristina, her only child, who has entered into multiple litigated matters against George and David. These proceedings include the present proceeding and a probate proceeding in which she has contested the Decedent's Last Will and Testament in the Surrogate's Court, New York County.

By petition dated December 19, 2014, petitioner commenced the present proceeding, seeking to compel George to account as trustee of the Trust (*see* Petition, ¶ 21). Pursuant to Surrogate's Court Procedure Act (SCPA) § 707 (1) (e), petitioner also alleged that George was ineligible to serve as trustee of the Trust, claiming that George and/or his Pennsylvania law firm received several hundreds of thousands of dollars in legal fees from the Decedent and/or her Trust during the period 2011 to 2012 (*see id.*, ¶¶ 23-30).

George filed an Answer on April 1, 2015 in which he: (1) asserted that petitioner lacks standing to compel him to account as trustee of the Trust for the period before the Decedent's death on August 7, 2012, reasoning that the Trust Instrument was revocable during that period and, thus, only the Decedent possessed standing to compel an accounting of the Trust for the period before her death (*see* Answer [NYSCEF Doc No. 8, ¶ 31); (2) the Decedent gave George a release for his stewardship of the Trust for the period up and to including January 1, 2012 (*see id.*, ¶ 36) and (3) the Decedent ratified George's administration of the Trust in the years leading up to her death (*see id.*, ¶ 37). With respect to petitioner's request for his removal as Trustee, George denied her allegations (*see id.*, ¶¶ 22-30).

After the Decedent's death, George administered the Trust for Kristina's benefit. George monitored the Trust's accounts, consulted with investment advisors, and retained

**150398/2015 HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No. 002**

**Page 5 of 21**

accountants to facilitate his administration of the Trust. George also rendered an accounting (the Accounting) of his tenure as Trustee of the Trust, for the period of August 7, 2012, to January 31, 2015 (the period after the Decedent's death, during which Kristina had a vested interest in the Trust), and petitioned this court to have it judicially settled (*see* July 8, 2015 petition and Accounting [NYSCEF Doc No. 45]). Kristina has filed Objections to the Accounting (*see* November 2, 2015, Objections [NYSCEF Doc No. 46).

George and Kristina have engaged in extensive discovery, including the exchange of documents and party and non-party depositions. During one of the depositions, Bruce DiCicco, Esq., the Decedent's one-time attorney, who has also represented Kristina, testified that the Decedent discussed the issue of the legal fees that George and/or his law farm charged her, and yet she did not pursue any disputes as to those fees (*see* DiCicco dep [NYSCEF Doc No. 47], at 44-46). Mr. DiCicco further testified that the Decedent did not show concern as to, or question, the monetary value of the services that George and/or his law firm received from her during her lifetime (*see id*. at 102-103).

George died on April 16, 2018. Respondents then moved to substitute into this proceeding on behalf of George's estate. By order dated September 5, 2018, the court granted respondents' substitution motion (*see* Order [NYSCEF Doc No. 49]).

## DISCUSSION

**Respondents' Motion for Summary Judgment**

Standing is a threshold constitutional issue in litigation (*see Matter of Graziano v County of Albany*, 3 NY3d 475, 479 [2004]), as without standing, "a party lacks authority to sue" (*see id.*). "The doctrine of standing is an element of the larger question of justiciability and is designed to ensure that a party seeking relief has a sufficiently cognizable stake in the

**150398/2015  HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**  **Page 6 of 21**
  Motion No.  002

[* 6]

outcome so as to present a court with a dispute that is capable of judicial resolution" (*Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 279 [1st Dept 2006], citing *Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 154–155 [1994]). The most critical requirement of standing is the presence of "injury in fact—an actual legal stake in the matter being adjudicated" (*Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772 [1991]).

A revocable trust instrument, like the Trust Instrument at issue here, only becomes "irrevocable" upon the grantor's death (*see Matter of Malasky*, 290 AD2d 631, 632 [3d Dept 2002]). Until the grantor's death, a revocable trust is an "ambulatory instrument," and the grantor retains the right to revoke, or amend, the instrument and/or the rights of the beneficiaries who take under it (*see Matter of Tisdale*, 171 Misc 2d 716, 719-20 [Sur Ct, NY County 1997]). "The trustee of a revocable trust (if not the [grantor]) simply acts at the behest of the [grantor]" (*id*. at 720). "If the [grantor] becomes dissatisfied with the trustee or with the terms of the trust, he or she simply amends the trust to suit his or her desires" (*id*.). The grantor need not seek the approval of a court, or another party, in order to revoke or amend a revocable trust instrument (*see id*.), and the remainder beneficiaries of a revocable trust have no right to take action relative to the trust before the grantor dies (*see Malasky*, 290 AD2d at 632).

In light of those well-settled principles, it is clear that a remainder beneficiary of a revocable trust lacks standing to compel the trustee of the revocable trust to account for the period before the grantor's death (see *Matter of Compulsory Accounting of Piecuch Family Trust*, 2006 WL 6981703, 2006 NY Misc Lexis 6316 [Sur Ct, Suffolk County 2006]). The underlying rationale is that, during the grantor's lifetime, the grantor retains the right to revoke or amend the governing trust instrument, and the remainder beneficiaries' interests in the trust, thus, vest only upon the grantor's death (*see Matter of Central Hanover Bank & Trust Co.*

**150398/2015 HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No. 002**

**Page 7 of 21**

*(Momand)*, 176 Misc 183, 186 [Sup Ct, NY County 1941], *affd* 263 App Div 801 [1st Dept 1941], *affd* 288 NY 608 [1942] ["The remaindermen have no interest in the income during the life of the trustor and they therefore have no right to an account thereof; there can be nothing coming to them; their only interest is as remainderman in the corpus of the property and thus are only concerned to that extent. I am therefore of the opinion that as they have only a remainder interest in the trust estate they are not entitled to information regarding the disposition of the trust estate or trust income during the existence of the preceding life estate or any right to call upon the trustee for an accounting and hence have no right to file objection thereto"]).

Accordingly, the remainder beneficiary of a revocable trust lacks the authority to sue the trustee of the revocable trust for an accounting of the trustee's administration thereof during the lifetime of the trust's grantor (*see Matter of Kalik*, 117 AD3d 590, 590-91 [1st Dept 2014] ["Plaintiff lacks standing to object to the part of the accounting that covers the period when his father, the grantor, was alive, i.e. the period when the trust was revocable"]; *Malasky*, 290 AD2d at 632 [explaining that, because "there is no construction of the trust which gives respondents any interest until decedent's death, when the trust became irrevocable," "(w)e conclude, therefore, that respondents, having no pecuniary interest in the revocable trust until decedent's death, lack standing to object to the account for the first accounting period (prior to decedent's death)"]; *Matter of Miness v Deegan*, 39 Misc 3d 1226[A], 2013 NY Slip Op 50741[U], * 2 [Sur Ct, Nassau County 2013], citing *Matter of Piecuch Family Trust*, 2006 WL 6891703, 2006 NY Misc Lexis 6316 ["It has consistently been held that (w)here a party has no pecuniary interest in a revocable trust until the settlor's death, such party would have no right to an accounting thereof"]; *Matter of Sofi*, 36 Misc 3d 1223[A], 2012 NY Slip Op 51458[U], * 5 [Sur

**150398/2015  HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No.  002**

**Page 8 of 21**

8 of 21

[* 8]

Ct, Bronx County 2012] ["As a general rule where the settlor of a lifetime revocable trust is the only person who has an interest in the income and principal of the trust during his or her life, the remaindermen have no interest in the trust until the settlor dies and the trust becomes irrevocable; consequently, the remaindermen lack standing to object to any trust transaction that occurred during the settlor's life"]).

Here, in the Trust Instrument, the Decedent (the Trust's grantor) expressly reserved the right to revoke the Trust Instrument during her lifetime, such that Kristina's interest in the Trust (as the remainder beneficiary thereof) only vested at the Decedent's death (*see* Trust Instrument, ¶ 8). Indeed, Kristina explicitly swore in the Petition that: (1) "During [the Decedent's] life, [the Decedent] was the sole income and principal beneficiary of the Trust"; and (2) "Upon [the Decedent's] death, the sole beneficiary of the Trust is Kristina" (*see* Petition, ¶¶ 16, 18).

Accordingly, respondents have established, as a matter of law, that petitioner lacks standing, as a remainder beneficiary of the Trust who did not have a beneficial interest therein before the Decedent's passing, to compel an accounting of George's administration of the Trust for the period occurring during the Decedent's lifetime.

This conclusion is buttressed by the fact that Decedent (the only person who had standing to object to George's conduct as Trustee of the Trust during her lifetime) expressly approved of George's administration of the Trust during the period October 1, 2010 to January 1, 2012, and granted him a release for that period of the Trust's administration (*see* Approval). The Decedent did so after: (1) examining "the monthly and annual statements, checks, check register, and other records, of or relating to the Trust, including without limitation those of or relating to the accounts of the Trust" for the period October 1, 2010 to January 1, 2012; (2) finding "the statements, checks, check registers, and other records, to be true and correct in all

**150398/2015   HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**                    **Page 9 of 21**
  **Motion No.  002**

particulars and that ... the assets of the Trust have been fully accounted for"; and (c) approving of "all transactions, dispositions, withdrawals, distributions and payments made by or at the direction of [George] ... have been authorized and approved by" the Decedent (*see id.*, ¶ 2). Indeed, New York courts have recognized that a fiduciary may avoid having to render a formal judicial accounting of a trust when the fiduciary obtains "'releases from interested parties regarding the handling of the ... trust'" (*see Matter of Spacek*, 155 AD3d 747, 748 [2d Dept 2017] [citation omitted]).

Therefore, respondents' motion for summary judgment dismissing Kristina's Petition to compel George (and/or respondents, as fiduciaries of his estate) to account for his administration of the Trust from the Trust's October 1, 2010, creation to the Decedent's August 7, 2012, death is granted. Summary judgment is also granted dismissing that branch of the petition requesting that George account for the Trust's administration during the period after the Decedent's death, as George already has rendered his Accounting for that period. Kristina's request for that relief is, therefore, moot.

In opposition to the motion, petitioner fails to raise any triable issues of fact. Petitioner effectively contends that, regardless of whether she had a beneficial interest in the Trust during the Decedent's lifetime, she is entitled to an accounting of the Trust transactions that occurred before the Decedent died (*see* affirmation of Connor Dolgon, Esq. [NYSCEF Doc No. 55], ¶¶ 37-53). However, petitioner's argument completely lacks merit, because, as previously discussed, under New York law, a remainder beneficiary of a revocable lifetime trust has standing to compel an accounting of a trustee's administration of the revocable trust only for the period commencing after the grantor's death, when the governing trust instrument becomes irrevocable, and the remainder beneficiary's interest therein vests.

**150398/2015   HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No.  002**

**Page 10 of 21**

To the extent that Kristina relies upon Surrogates Court Procedure Act (SCPA) §§ 2205 and 103 (39) to establish that (1) a "person interested" in a trust may compel an accounting thereof, and (2) she is a "person interested" in the Trust (*see* Dolgon affirmation, ¶¶ 37-39), Kristina's reliance on those statutes is misplaced. New York law makes clear that, for the purpose of determining the individuals who have standing to compel the trustee of a revocable lifetime trust to account for the trustee's stewardship thereof, SCPA § 2205 does not confer standing upon the remainder beneficiaries of a revocable lifetime trust with respect to the period before the grantor dies (*see Malasky*, 290 AD2d at 632; *Matter of Andrews v Trustco Bank, Natl. Assn.*, 289 AD2d 910, 912 [3d Dept 2001] [opining that, "inasmuch as the grantor (of a revocable lifetime trust) was also the sole beneficiary during his lifetime, the trust agreement made the trustee accountable only to the grantor until his death"]; *see also* Margaret Valentine Turano, Practice Commentaries to SCPA § 2205 [McKinney's 2013] [citing *Malasky*, with approval, for the proposition that a "contingent beneficiary under (a) revocable trust had no interest and hence no standing (to compel an accounting) under" SCPA § 2205]).

Although petitioner also claims that *Malasky*, *Kalik*, and their progeny do not apply because the grantors in those cases also served as trustees of the revocable lifetime trusts that they created (*see* Dolgon affirmation, ¶¶ 41-42), the Appellate Division has rejected precisely that argument in other cases. In *Andrews* (289 AD2d 910), the grantor created a revocable lifetime trust - of which the grantor was the sole beneficiary during his life - and appointed Bank of New York to serve as trustee of the trust. Thereafter, the grantor executed an agreement, in which he replaced Bank of New York as trustee of the trust, and dispensed with the requirement that Bank of New York account for its administration of the trust. After the grantor's death, the remainder beneficiaries sought to compel Bank of New York to account for

**150398/2015  HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No. 002**

**Page 11 of 21**

its stewardship of the trust during the period before the grantor's death (*see id.*). Both the Surrogate's Court and the Appellate Division found that the remainder beneficiaries of the grantor's revocable lifetime trust lacked standing to compel Bank of New York to account for the period preceding the grantor's death. The courts reasoned that, because "the grantor was ... the sole beneficiary [of the revocable lifetime trust] during his lifetime, the trust agreement made the trustee accountable only to the grantor until his death" (*id*. at 912).

Accordingly, it makes no difference whether the Decedent acted as a Trustee of the Trust, or appointed only George to act in that fiduciary post – the result is the same: a remainder beneficiary of a revocable lifetime trust lacks standing to compel the trustee thereof to account for his or her administration of the trust for the period prior to the grantor's death (*see id*.).

Petitioner also contends that an exception to the general rule articulated above (that remainder beneficiaries of a revocable lifetime trust lack standing to compel the trustee of a revocable lifetime trust to account for the period during the grantor's life) exists (*see* Dolgon affirmation, ¶¶ 45-48). Relying upon the Florida case of *Siegel v Novack* (920 So 2d 89 [Fla Dist Ct App 2006], and two Surrogate's Court cases that cite to it, *Matter of Shay (Edna Block Revocable Trust)* (33 Misc 3d 1230[A], 2011 NY Slip Op 52165[U] [Sur Ct, Bronx County 2011]) and *Matter of Sofi* (36 Misc3d 1223[A], 2012 NY Slip Op 514581[U]), petitioner argues that "[o]ne possible exception to [the general] rule is where a person with a remainder interest establishes that a trustee other than the [grantor] made an improper withdrawal from the trust without the [grantor's] approval or ratification" (Dolgon affirmation, ¶ 46). According to petitioner, the legal fees taken by George and his law firm "were improper as a matter of law," and thus fall within this exception (*see id*., ¶ 49).

**150398/2015   HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No.  002**

**Page 12 of 21**

12 of 21

This argument lacks merit. *Siegel*, *Shay*, and *Sofi* all predate the First Department's 2014 ruling in *Kalik*, in which the Court reiterated that, under New York law, remainder beneficiaries of a revocable lifetime trust lack standing to pursue claims concerning the administration of the trust for the period before the grantor's death (*see Kalik*, 117 AD3d at 590-91). Importantly, since the First Department rendered its ruling in *Kalik*, other courts in this Judicial Department have rejected parties' reliance upon *Siegel* (*see Matter of Fergang*, 2015 WL 1003580, * 2 [Sup Ct, NY County 2015]).

Moreover, even if such exception existed, such legal fees are insufficient to raise an issue of fact concerning petitioner's standing to compel an accounting of George's administration of the Trust, during the Decedent's lifetime, because the evidentiary record before the court establishes that the Decedent was aware of, and ratified, the payment of such fees. First, the Decedent, the Trust's grantor, executed the Approval in which she acknowledged that she examined all of the financial documents pertaining to the Trust, found them to be "true and correct," approved all transactions made by George, released George for his administration of the Trust, and agreed to indemnify him for "any and all claims, loss, liability or damage ... which [George] may suffer ... by reason of the administration of the" Trust (*see generally* the Approval). The Decedent did so after being advised of the right to consult with independent counsel (*see id.*). Although petitioner also alleges that the Approval is invalid because it was not signed by a witness or a notary (*see* Dolgon affirmation, ¶¶ 61-63), New York law does not require that an instrument like the Approval be signed by a witness or a notary in order to be enforceable (*see Matter of O'Connor*, NYLJ, Sept. 30, 1994, at 29 [Sur Ct, Bronx County]).

**150398/2015 HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No. 002**

**Page 13 of 21**

13 of 21

[* 13]

Second, the Decedent did so by her conduct, as evidenced by Kristina's deposition testimony that: (1) the Decedent was aware of the legal fees that George charged her; (2) Kristina recommended to the Decedent that she replace George as her attorney; and (3) despite Kristina's suggestion, the Decedent did not replace George as her attorney (Kristina Yonke dep [NYSCEF Doc No. 69], at 77-94).

Although petitioner also references the difficulties that the Decedent had with alcohol, the evidentiary record before the court establishes that the Decedent was a well-educated, highly-sophisticated person, who managed her own daily affairs, administered her father's estate, actively participated in litigation, and gave regular instructions to George as to how to handle her Trust's affairs (*see* affidavit of David D'Angelo [NYSCEF Doc No. 70], ¶ 2). Indeed, petitioner admits that the Decedent "was a very intelligent college graduate, [was] an avid reader and had a great eye for detail" (*see* January 29, 2016, affidavit of Kristina Yonke [NYSCEF Doc No. 71]). In addition, the mere fact that the Decedent may have been an alcoholic is insufficient to raise an issue of fact calling into question the validity of the Approval, or any other legal transaction into which the Decedent entered (*see Matter of Redington*, NYLJ, July 18, 2014, at 24 [Sur Ct, NY County]; *Matter of MacGuigan*, NYLJ Apr. 20, 2015, at 26 [Sur Ct, NY County]). In order for the Decedent's alcohol addiction to be relevant to any of the transactions that are before the court on respondents' motion, the evidentiary record must show that the Decedent's judgment was impaired at the time that the transactions occurred (*see id.*). The record is devoid of any such evidence.

Accordingly, even if the *Siegel* exception existed, because the Decedent expressly and implicitly ratified the payment of the legal fees about which petitioner now complains, such

**150398/2015   HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No. 002**

**Page 14 of 21**

14 of 21

[* 14]

fees are insufficient to raise an issue of fact necessitating a trial concerning petitioner's standing to compel an accounting of George's administration of the Trust during the Decedent's lifetime.

Petitioner also asks this court to sua sponte order an accounting of George's administration of the Trust for the period prior to the Decedent's death (*see* Dolgon affirmation, ¶¶ 69-76). This court declines to do so. Because the Decedent retained the right to revoke or amend the Trust Instrument until her death, and Kristina, as a remainder beneficiary of the Trust, did not have a beneficial interest in the Trust until after the Decedent passed, Kristina would lack standing to object to any accounting that the court were to sua sponte direct respondents to render concerning George's administration of the Trust prior to the Decedent's death (*see Kalik*, 117 AD3d at 590-91).

The court also grants that portion of the summary judgment motion dismissing the petition to the extent that it seeks George's removal as trustee of the Trust, given that George is now deceased. "'It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before [a] tribunal'" (*see Funderburke v New York St. Dept of Civ. Serv.*, 49 AD3d 809, 810-11 [2d Dept 2008], quoting *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713 [1980]). "Courts are prohibited from rendering advisory opinions and '[a matter] will be considered moot unless the rights of the parties will be directly affected by the determination of the [matter] and the interest of the parties is an immediate consequence of the judgment'" (*see id.*; *Matter of Yuri M. (Karpati)*, 107 AD3d 999, 1000 [2d Dept 2013]). Thus, where the circumstances giving rise to a matter have changed, such that the matter raises only an academic issue, the matter must be dismissed as moot (*see Funderburke*, 49 AD3d at 811).

**150398/2015 HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No. 002**

**Page 15 of 21**

Here, in light of George's recent passing, petitioner's motion to remove George as Trustee of the Trust raises only an academic issue, as George is no longer serving as Trustee of the Trust. As such, petitioner's request to remove George as Trustee of the Trust is moot.

Finally, petitioner requests that this court hold respondents' summary judgment motion in abeyance, pending resolution of a related Surrogate's Court probate proceeding. However, it would be procedurally improper to grant this request, as petitioner failed to include this request for relief in a notice of motion or cross-motion (*see* CPLR 2214 [a]; *see also Arriaga v Laub Co.*, 233 AD2d 244, 245 [1st Dept 1996] [as plaintiffs failed to formally and specifically demand in notice of motion that counterclaims be stricken, the trial court did not err in denying such relief]). Accordingly, petitioner's request is denied.

Accordingly, respondents' motion for summary judgment is granted, and the petition is dismissed.

**Petitioner's Cross-Motion to Remove David as Successor Trustee**

Petitioner also cross-moves for David's removal as successor trustee of the Trust (see Dolgon affirmation, ¶¶ 83-93). The cross-motion is denied. First, petitioner has not pled a cause of action for David's removal as successor trustee of the Trust, and thus, is not entitled to summary relief on a cause of action that she has not even pled in her petition (*see Matter of Spade*, 28 AD2d 552, 552 [2d Dept 1967] ["The petition for an accounting and the objections thereto are pleadings similar to a complaint and an answer and they define the issues and limit the relief" that can be granted] [internal quotation marks and citation omitted]).

Moreover, petitioner has failed to demonstrate that David should be removed as successor trustee. "[T]he testator [or grantor] still enjoys the right to determine who is most suitable among those legally qualified to settle his [or her] affairs and execute his [or her] will,

**150398/2015   HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No. 002**

**Page 16 of 21**

16 of 21

[* 16]

and his [or her] solemn selection is not lightly to be disregarded" (*see Matter of Leland's Will*, 219 NY 387, 393 [1916]; *accord Matter of Epstein,* 202 AD3d 669, 672 [2d Dept 2022]). "Removal of a fiduciary constitutes a judicial nullification of the testator's [or the grantor's] choice [of a fiduciary] and may only be decreed when the [exclusive] grounds set forth in the relevant statutes have been clearly established" (*Matter of Duke*, 87 NY2d 465, 473 [1996]; *accord Matter of Steward*, 193 AD3d 940 [2d Dept 2021]; *see also DePicabia v Chester Natl. Bank*, 50 AD2d 812, 813 [2d Dept 1975] ["The Supreme Court, in the exercise of its equity jurisdiction, has the power to remove a trustee of a trust, who is a party to the action, if the facts establish that the trustee was guilty of improper conduct in the administration of the trust"]).

As a result, "the rule has long prevailed that 'courts are required to exercise the power of removal sparingly and to nullify [a] testator's [or a grantor's] choice [of fiduciary] only upon a clear showing of serious misconduct that endangers the safety of the estate'" or trust (*Matter of Duke*, 87 NY2d at 473 [citation omitted]; *accord Matter of Berri*, 130 Misc 527, 536 [Sur Ct, Kings County 1927] ["The power of removal is exercised sparingly by courts, and will not be exercised unless there is a clear necessity for such drastic action. Only such conduct as jeopardizes the fund will induce the court to remove a trustee, particularly one in whom special confidence has been reposed by the creator of the trust"]; *see also Matter of Giles*, 74 AD3d 1499, 1503 [3d Dept 2010] ["'(r)emoval of a trustee is a drastic action not to be undertaken absent a clear necessity'"] [citation omitted]; *Tsavaris v Tsavaris*, 2011 NY Slip Op 31889[U] [Sup Ct, NY County 2011] ["Notwithstanding this broad grant of power, the Court is mindful that removal of a trustee is a drastic remedy and should be used sparingly in a case such as this where it would frustrate the intent of the trust's creator"]).

**150398/2015   HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No.  002**

**Page 17 of 21**

Where, as here, a dispute involving a lifetime trust is before the Supreme Court under Article 77 of the CPLR, the Supreme Court derives its power to remove a trustee from EPTL § 7-2.6 (*see* EPTL § 7-2.6; *Matter of Casamassima v Casamassima*, 30 AD3d 596 [2d Dept 2006]). EPTL § 7-2.6 provides that the Supreme Court has the power "to suspend or remove a trustee who has violated or threatens to violate his trust, who is insolvent or whose insolvency is imminent or apprehended or who for any reason is a person unsuitable to execute the trust" (see EPTL § 7-2.6 [a] [2]); *accord Matter of Giles,* 74 AD3d at 1503 ["an individual seeking removal (of a trustee) bears the burden of demonstrating that the trustee has violated or threatens to violate his or her trust or is otherwise unsuitable to execute the trust"]).

"When evaluating a trustee's conduct, the relevant inquiry is whether the trustee has negatively impacted the trust or failed to serve the purpose of the trust" (*Matter of James H. Supplemental Needs Trusts*, 172 AD3d 1570, 1573 [3d Dept 2019]). "'Although discord between the trustee and others involved with the trust, standing alone, is typically an insufficient basis for removal, such conflict may support removal if the conflict thwarts proper administration of the trust or otherwise subverts the purpose of the trust'" (*Matter of Gimbel v Leonard*, 205 AD3d 538, 538-539 [1st Dept 2022] [citation omitted]; *see also Matter of Rudin*, 15 AD3d 199, 200 [1st Dept 2005] ["'it is actual misconduct, not a conflict of interest, that justifies the removal of a fiduciary'"] [citation omitted]). The party seeking a trustee's removal must bear the burden of proof, by clear and convincing evidence (*see* 9 Warren's Heaton on Sur Ct Prac § 117.05 [1] [b] ["Clear and convincing evidence of fiduciary misconduct must be presented before removal will be directed, and only then, after an evidentiary hearing has been had"]).

**150398/2015   HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No.  002**

**Page 18 of 21**

Here, petitioner has not pled, and does not contend, that David has violated or threatens to violate the trust placed in him, or is currently insolvent or likely to be insolvent imminently (*see* Dolgon affirmation, ¶ 83; Kristina Yonke affidavit, ¶¶ 5-11). Instead, petitioner merely alleges, in conclusory terms and without any evidentiary support, that David should be removed as successor trustee of the Trust because of actions that *George* undertook (*see* Dolgon affirmation, ¶ 86 ["The Petition sought (the) removal of Mr. D'Angelo as trustee because of his breaches of fiduciary duty and improper self-dealing discussed herein. Mr. D'Angelo, and now David, have also breached their fiduciary duty by failing to account for their decisions and actions in administrating the trust for the period between its creation on October 1, 2010 and Ingrid's death on August 7, 2012]; *see also id*., ¶ 92 ["David is still liable to Kristina for his father's breaches of the trust"]). However, as previously discussed, petitioner lacks standing to complain about any transactions that occurred prior to the Decedent's death.

With respect to David himself, petitioner only alleges that "Mr. D'Angelo and David engaged in conduct and acted in concert with each other in ways that did not benefit Ingrid, Kristina, or the Trust" by acting improperly "to bolster their own compensation" (Dolgon affirmation, ¶ 89). However, petitioner fails to submit any evidence to support these unsubstantiated and conclusory assertions, or to demonstrate that the Trust was negatively impacted by such alleged conduct. As such, these assertions are insufficient to justify David's removal (*see Matter of Joan Moran Trust*, 166 AD3d 1176, 1180 [3d Dept 2018] [affirming the denial of a Trustee's removal on ground that "petitioner failed to submit any evidence demonstrating that the trust assets suffered any financial harm as a result [of alleged mismanagement"]; *Paprin v Silberstein*, 2005 WL 8158666, * 2 [Sup Ct, New York County 2005] ["Even if true, it does not appear that the conduct described in plaintiff's new allegations

would interfere with the proper administration of the trust"]; *see also Matter of Varone Irrevocable Trust*, 195 AD3d 728, 730 [2d Dept 2021] [the court "properly denied that branch of the motion which was to remove the trustee"]).

Indeed, petitioner's main concern appears to be that David has refused to transfer the Trust's bank account from Philadelphia to New York (*see* 1/31/19 affidavit of Christina Yonke [NYSCEF Doc No. 81], ¶¶ 7-8). However, such allegation, even if true, amounts to nothing more than discord, rather than actual misconduct requiring removal.

Moreover, contrary to petitioner's unsubstantiated assertions, David submits an affidavit in which he alleges that, since succeeding George as Trustee of the Trust, he has endeavored to honor the fiduciary duties that have been entrusted to him as successor trustee of the Trust:

> "Since George's passing earlier this year, I have acted as Successor Trust of the Trust. I have taken great care to honor the fiduciary duties that have been entrusted to me as Successor Trustee. For example, I have arranged for Kristina (the remainder beneficiary of the Trust, following the Decedent's death) to receive access to the statements for the Trust's investment accounts, and earnestly worked to address any concerns that Kristina has expressed relative to the Trust. From my perspective, I have developed a productive working relationship with Kristina"

(affidavit of David D'Angelo [NYSCEF Doc No. 70], ¶ 3).

Accordingly, the cross-motion for removal of David as successor trustee is denied.

The court has considered the remaining arguments and finds them to be without merit.

Accordingly, it is

ORDERED that respondents' motion for summary judgment is granted, and the petition is dismissed, with costs and disbursements to respondents as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

**150398/2015   HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**
**Motion No.  002**

**Page 20 of 21**

20 of 21

[* 20]

ORDERED that petitioner's cross-motion is denied; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

This constitutes the decision and order of this Court.[1]

| | |
|---|---|
| **7/10/2024** | **James d'Auguste, J.S.C.** |
| **DATE** | |

CHECK ONE:  [X] CASE DISPOSED          [ ] NON-FINAL DISPOSITION

[ ] GRANTED    [ ] DENIED     [ ] GRANTED IN PART      [X] OTHER

APPLICATION:     [ ] SETTLE ORDER       [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:   [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

---

[1] The Court notes the matter has not been transferred to Surrogate's Court, and remains in Supreme Court because, as the parties have noted the trust assets are maintained in accounts at a UBS Financial Services, Inc. branch in Conshohocken Pennsylvania; the investments have performed well from guidance Trustee David D'Angelo has received from UBS's financial advisors; no party has moved to transfer the proceedings from Supreme Court to Surrogate's Court pursuant to CPLR 325(e); the Trust does not have assets in the State of New York, nor does the acting trustee reside in the State; and finally, the parties contend as the matter has been pending before the Supreme Court since 2015, the Supreme Court is "familiar with the parties and issues" involved, and the Court is "well-equipped to resolve them" [NYSCEF Doc. Nos. 91, 92].

**150398/2015   HAMNER YONKE, KRISTINA vs. D'ANGELO, GEORGE A.**                    **Page 21 of 21**
**Motion No.  002**